No. 21,231.

GERTRUDE E. MOON, as an Individual and as Administratrix, etc., *Appellee*, v. NANCY J. MOON and EDGAR L. MOON, *Appellants*.

SYLLABUS BY THE COURT.

CONTRACT—*Interest in Land—Contract Without Consideration—Parol Evidence—Estoppel.* A contract signed by a mother and her two sons, Charles and Edgar, wherein it was stipulated that Charles owned a one-fourth interest in land, which the mother and Edgar agreed to purchase, considered, and held to be open to extrinsic evidence that the mother was sole owner of the land, that Charles had no interest in it, that the contract expressed a device whereby a gift to Charles was to be effected, and that the obligation to purchase apparently created on the part of the mother and Edgar was destitute of consideration.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed April 6, 1918. Reversed.

47—Kan.—1778

*Eugene S. Quinton*, of Topeka, for the appellants.

*J. J. Schenck*, of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for specific performance of a contract to pay the purchase price of real estate. The plaintiff recovered, and the defendants appeal.

The defendant, Nancy J. Moon, is a widow. She had two sons, Charles Stewart Moon and Edgar L. Moon. Charles Stewart Moon is now deceased, and the plaintiff is his widow and administratrix. The contract sued on reads as follows:

"THIS AGREEMENT, Made and entered into this, the 22nd day of April, 1911, by and between Charles Stewart Moon and his wife, Gertrude E. Moon, parties of the first part, and Nancy J. Moon and Edgar L. Moon, parties of the second part,

"WITNESSETH: It is hereby stipulated and agreed and mutually understood that the said Nancy J. Moon is the owner of an undivided one-half (½) interest in the northwest (N. W.) quarter (¼) of section sixteen (16), and the north-east quarter (¼) of section seventeen (17), township twelve (12), range fourteen (14), Shawnee county, state of Kansas; and that the said Edgar L. Moon is the owner of an undivided one-fourth (¼) interest in and to the said above described property, and that the said Charles Stewart Moon is the owner of an undivided one-fourth (¼) interest in said property; and that the said Charles Stewart Moon and Gertrude E. Moon, his wife, hereby agree to sell and convey by a good and sufficient warranty deed all their right, title and interest in and to the above described property to Nancy J. Moon and Edgar L. Moon for the sum of five thousand ($5,000.00) dollars, without interest, to be paid on or before two (2) years from this date, subject to any mortgages or liens that may be now upon said property, possession of said property to be delivered during the life of this contract to the said Nancy J. Moon and Edgar L. Moon; and in consideration of the same the said Nancy J. Moon and Edgar L. Moon do hereby agree and promise to pay unto the said Charles Stewart Moon, or his heirs, the said five thousand ($5,000.00) dollars, without interest, on or before two years from this date, for said interest.

"It being further agreed and understood that time shall be the essence of this contract, and that the said Nancy J. Moon and Edgar L. Moon shall well and truly perform and pay unto the said Charles Stewart Moon, or his heirs, said sum of five thousand ($5,000.00) dollars, as herein provided, then said Charles Stewart Moon, and his wife, Gertrude E. Moon, will convey by a good and sufficient warranty deed all their right, title and interest in and to an undivided one-fourth (¼) of said property to Nancy J. Moon and Edgar L. Moon, otherwise this contract of sale shall be null and void."

Moon v. Moon.

The answer was that the land was owned and occupied by Nancy J. Moon when the contract was made, that neither son had any property in the land, that the contract expressed a device by which a gift of $5,000 to Charles Stewart Moon was to be effected, but which failed for want of funds, and that the obligation apparently created was destitute of consideration. The answer further contained much family history elucidating the situation, motives, and intent of the parties to this family transaction. On motion those portions of the answer were stricken out. At the trial the court refused to admit and struck out material evidence sustaining the portions of the answer left standing, and at the conclusion of the evidence for the defendants, who had the burden of proof, directed a verdict for the plaintff.

The action of the trial court resulted from a misapplication of the parol-evidence rule. The contract was regarded as containing two parts: first, a written acknowledgment of title and possession in Charles Stewart Moon which could not be disputed, and second, a contract to purchase Charles Stewart Moon's land, the agreement to convey forming a valuable consideration for the agreement to pay the price. Regarding the contract as severable into distinct portions, as indicated, the portion wherein it was "stipulated and agreed and mutually understood" that the mother owned half the land and the sons one-fourth each, either created, modified, or extinguished property rights, or did not. If it did, it required a consideration to support it, and the defense of want of consideration was proper. If it did not accomplish a change in any subsisting right, it was merely an admission relating to facts independently existing and provable by independent evidence, and consequently was not conclusive. In this aspect the writing was simply a piece of evidence tending to show that Charles Stewart Moon was the owner of a one-fourth interest in the land and in possession of it. The proof offered by the defendants overcame this evidence, and established beyond controversy that he had no right, title, interest, or possession whatever, and that his mother was the sole owner.

The doctrine of estoppel is invoked by the plaintiff. The plaintiff is not an innocent purchaser, and asserts merely the right which her husband possessed. Why is a person estopped to deny a recital in a contract?

The old law was that a contract reduced to writing and sealed was the best evidence of the truth of its recitals. Estoppel was essentially a matter of evidence, and solemnity of form was the controlling consideration. This is no longer true. Estoppel is now a matter of substantive law, and a recital in a contract is not conclusive unless it operated as a representation or warranty inducing the formation of the contract, or was itself of the essence of the contract, or, having been accepted and acted on in good faith, resulted in consequences which it would be inequitable and unjust to disturb. A fair statement of the original doctrine, and of the modern view which regards the substance of the transaction and the situation of the parties to it, is found in Caspersz on Estoppel, fourth edition, sections 336 and 339:

"Estoppel by deed, or, as it may better be described, estoppel by matter in writing, rested originally upon the idea that written evidence was of a higher and more conclusive nature than verbal. The truth could better be established where the parties had agreed to bind themselves by an act of solemnity, such as the affixing of a seal to a formal document. The form of the contract was of the first importance; formal contracts could alone give rise to actions, and informal contracts were only enforced upon the grounds of necessity and convenience. Contracts under seal were, therefore, regarded as conclusive between the parties, the seal being a recognized and infallible method of proof.

.    .    .    .    .    .    .    .    .    .    .    .    .

"The tendency in modern times is to treat estoppel by deed as resting upon contract. So in *Carpenter v. Buller* [8 M. & W., 209, 212, (1841)], Baron Parke observed: 'If a distinct statement of a particular fact is made in the recital of a bond or other instrument under seal, and a *contract* is made with reference to that recital, it is unquestionably true that, as between the parties to that instrument, it is not competent for the party bound to deny the recital; and a recital in an instrument *not under seal* may be such as to be conclusive to the same extent. . . . By his *contract* in the instrument itself, a party is assuredly bound and must fulfil it.' And in this view estoppel by deed is nothing more than estoppel by representation, and is founded upon representations as to existing facts. In order to ascertain whether an estoppel arises, it is therefore necessary to look to the general effect of the instrument, and to see what the precise representation is, and whether it has been acted upon. What has to be regarded is the substance of the transaction, and in particular the presence or absence of consideration." (pp. 316, 318.)

In this instance it is plain the recitals respecting division of ownership were not made to the deceased son to induce him

to sell what it was said he owned. The plaintiff did not plead that, relying on the recital respecting his ownership and possession, the deceased son so changed his situation that it would be unjust to return him to his former status, and the proof offered by the defendants precluded the possibility of an estoppel of this kind arising to confront them. Charles Stewart Moon had no land to sell or possession to give, could suffer no detriment in .respect to land he did not own or occupy, and suffered no deprivation by failing to receive a gift prompted merely by maternal affection and generosity.

There remains the contract itself, considered as a contract, as an estoppel. If purely voluntary on the part of the persons sought to be held, it lacks engaging quality. Unless there were adjustment, or compromise, or settlement of doubtful or conflicting or unsettled claims respecting title and possession, mutual concessions or promises, or giving on one side and receiving on the other—unless there were consideration— there was no binding obligation. As a matter of fact, properly interpreted, the contract is a concatenated instrument, the various portions of which are dependent on each other, and consequently subject as an entirety to the defense of want of consideration.

The defendants were not harmed by the action of the court in striking out parts of the answer. The portions stricken out consisted chiefly of recitals of evidential facts. The defendants were harmed, however, when the court refused to admit and consider proof of such facts. All, or substantially all, of them were relevant to the issue—gift or contract resting on valid consideration.

The judgment of the district court is reversed, and the cause is remanded for a new trial.