No. 21,489.

PETER TERLESKI, *Appellee,* v. THE CARR COAL MINING AND MANUFACTURING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*High Grade of Dynamite—Explosion—Loss of Eyesight.* A recovery was sought because the defendant furnished to a miner a higher and more sensitive grade of dynamite for blasting purposes than it was represented to be, with the result that while the miner was treating it as of a lower grade there was an explosion which destroyed his sight. *Held,* that the finding of the jury to the effect that the defendant furnished the plaintiff a higher grade than was called for is supported by sufficient evidence.

2. SAME—*Aggravated Damages.* The finding that aggravated damages were not proven renders an assignment of error in respect to the submission of that question to the jury immaterial.

Appeal from Leavenworth district court; JAMES H. WEN-DORFF, judge. Opinion filed May 11, 1918. Affirmed.

*A. E. Dempsey,* of Leavenworth, for the appellant.

*Lee Bond,* and *M. N. McNaughton,* both of Leavenworth, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:    Plaintiff recovered a judgment for $10,000 against the defendant on account of personal injuries sustained as a result of an explosion of dynamite in defendant's

coal mine, where plaintiff was employed. The defendant appeals.

The defendant kept on hand a supply of dynamite to be used by the miners in its employ whenever necessary to do any blasting, and sold it to the miners as they called for it. The defendant's negligence upon which plaintiff's right to recover is based is that it gave the plaintiff a stick of dynamite of a more sensitive grade than that for which he asked, with the result that while tamping it in preparation for a blast it exploded unexpectedly in his face, causing, among other injuries, the loss of plaintiff's sight. A claim for aggravated damages was also made by plaintiff on the ground that the defendant had failed to comply with the statute relating to the maintenance of a telephone system in the mine, but this is no longer material, by reason of a negative finding of the jury. The defense was a denial and an allegation that the plaintiff's injuries were the result of his own negligence.

The principal question is whether the evidence supports the finding of the jury that the defendant's storekeeper knowingly sold plaintiff a grade of dynamite of a higher percentage than that asked for. Upon this question the evidence was conflicting, that of plaintiff being largely circumstantial. It appears that the plaintiff asked the storekeeper for 40 percent dynamite, that the latter handed him a stick wrapped in a piece of paper, and that plaintiff placed it in a drill hole prepared for it and was beginning to tamp it lightly with a broomstick when the charge exploded. There was testimony to the effect that the higher the percentage of dynamite the less force it would take to explode it; that the plaintiff was familiar with the use of 40 percent dynamite, which was the kind always used by him during his several years' experience as a miner, and he knew how much force could be used in tamping the 40 percent grade; and that the force used by him in this instance was not sufficient to have exploded that grade. While the defendant claimed and offered evidence to show that it had never purchased, kept on hand, or sold to its miners any other than 40 percent dynamite, testimony was given by some of the miners tending to show that defendant's storekeeper had sold both 40 and 60 percent dynamite; that they had bought the latter grade from it and some of the sticks had that grade marked on them and some of

them were taken from a box so marked; and that the force with which the dynamite exploded when used showed it to be of a higher percentage than 40. The books of the defendant showed that nine days prior to the accident it had sold to one of the miners three sticks of dynamite, and this miner in testifying to this purchase stated that one of the three was 60 percent. The evidence in behalf of the defendant was contradictory of that offered by the plaintiff, but taking all of the testimony, direct and circumstantial, it cannot be said that the findings and verdict are without support. The jury found that the defendant had been handling other grades of dynamite than 40 percent and had actually sold some of the 60 percent; that the stick sold to plaintiff was taken from a box containing 60 percent grade and was of a higher grade than 40 percent; and that the one who sold the dynamite to plaintiff had reason to believe it was more than 40 percent in strength. The findings do not rest on presumptions or conjectures, as claimed by the defendant, and, while the testimony is not as direct and strong as to the grade of dynamite given to the plaintiff as might be desired, we regard it to be sufficient to warrant the submission of the disputed question to the jury, and within the rules under which testimony is measured on an appeal we think that offered by the plaintiff was sufficient to support the findings of the jury.

It is contended that there was no warrant for submitting the question of aggravated damages to the jury, by reason of the failure of the defendant to provide a proper telephone system connecting the different parts of the mine in accordance with the statutory requirements. Whether or not the question was properly submitted under the evidence is no longer material, since the jury in effect found that plaintiff's injuries were not aggravated by reason of a defective telephone system. The answer to the special question whether the plaintiff's injuries were so aggravated was, "Untold." This was equivalent to saying that there was no evidence showing aggravated damages, and it must be inferred that no such damages were included in the general verdict.

There is nothing substantial in the objection to the admission of testimony about which defendant complains.

The judgment is affirmed.