No. 21,642.

THE PEOPLES NATIONAL BANK OF KANSAS CITY, *Appellee*, v. C. M. NIQUETTE, W. E. STOVER, and J. E. CRIST, *Appellants*, et al.

### SYLLABUS BY THE COURT.

JURISDICTION—*Local Service on One Defendant — Service on Nonresident Codefendants—No Abuse of Judicial Process.* The evidence relating to the coming into the jurisdiction of the Wyandotte county district court of one of the defendants, the commencement of the action, and service of process on him there, and the subsequent service of process on the other defendants in Finney county, considered, and *held,* no abuse of judicial process occurred.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed July 6, 1918. Affirmed.

*Albert Hoskinson,* and *H. O. Trinkle,* both of Garden City, for the appellants.

*Thomas A. Pollock,* of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on the promissory note of the defendant, Gunn. The other defendants were joined on the theory that the loan evidenced by the note was made to them and Gunn as promoters of a corporation which was not organized. Judgment was rendered for the plaintiff, and the defendants, other than Gunn, appeal.

The principal question is whether or not the court properly overruled a motion to quash the service on the appellants. The ground of the motion was that Gunn was inveigled into the jurisdiction by false and fraudulent representations that the plaintiff desired to discuss the business and settle the differences between them, when the real purpose was to begin action, get service on him, and then send summons to Finney county for the appellants. By amendment the further ground was added that the plaintiff and Gunn conspired to procure fraudulent service on the appellants.

Gunn resided in Missouri, the appellants resided in Finney county, and the summons issued from the district court of

Wyandotte county, in which the action was commenced. The proof established the following facts: The plaintiff wrote to Gunn, asking him to come to Kansas City, Kan., the place where the plaintiff conducts its business, and discuss the liability of himself and the appellants for the indebtedness forming the subject of the action, which he did. He was not enticed into the jurisdiction of the court by any fraud or deception, but came voluntarily and in good faith in response to the request contained in the plaintiff's letter. All the matters now constituting the merits of the controversy were discussed, and Gunn was advised that the plaintiff intended to sue him and sue his associates in the abortive corporate enterprise. The place to begin the suit was discussed, and Gunn was informed that if he would permit service to be made on him in Wyandotte county, summons for his associates could then be issued to Finney county. The conversation occurred in the forenoon. Gunn desired that the liability of his associates for the debt be determined, and it was more convenient for him and for the plaintiff that the action should be prosecuted in Wyandotte county. Therefore, he agreed to wait while the petition and other necessary papers were in preparation, and to be accessible for service of summons on him in the afternoon. In the afternoon he was duly served, and thereafter summons was duly issued and served on the appellants in Finney county.

The grounds of the motion were disproved, and no abuse of judicial process occurred. The situation was such that somebody had to be put to much trouble and expense. Gunn could have crossed the river and been safely in Missouri before the action could have been commenced, had he so desired. The plaintiff would then have been obliged to sue him in Missouri, and to sue the appellants in Finney county. Gunn, however, was interested in having the liability of his associates for the debt determined, and, as he viewed it, it was more convenient for him that the trial of the action take place in Wyandotte county than in Finney county. It was no fraud on the appellants for him to submit to the jurisdiction of the Wyandotte district court, and when the action was well commenced against him, summons was properly issued for the appellants to Finney county.

The principles governing the liability of the defendants for

debts contracted by Gunn in the interest of the abandoned corporate enterprise (a bank) were stated in the case of *Lithographing Co. v. Crist,* 98 Kan. 723, 160 Pac. 198. The evidence was conflicting. It would serve no useful purpose to analyze it. That most favorable to the plaintiff was clearly sufficient to sustain the judgment.

The judgment of the district court is affirmed.

One-half the cost of the counter-abstract is taxed to the plaintiff, because of duplication of matter contained in the abstract, because of matter wholly unessential to consideration of the case, and because of failure to condense and summarize matter plainly subject to such treatment.