Davies v. Lutz.

No. 22,316.

THEODOSIA DAVIES, Administratrix, Etc., *Appellee,* v. NORMAN LUTZ and LOUISE LUTZ, *Appellants,* THE EXCHANGE STATE BANK OF NORTONVILLE et al., *Appellees.*

### SYLLABUS BY THE COURT.

ACTION ON NOTE—*Fraud Pleaded—Order for Additional Parties—Summons Issued to Another County.* The assignee of a real-estate mortgage brought an action thereon in the county in which the property was situated, against a purchaser thereof who had assumed the payment of the debt. The defendant, having obtained leave to file an answer and cross petition and "to make additional parties defendant," filed a pleading which included a counterclaim against the plaintiff for damages resulting from fraud practiced to induce him to purchase the property, and a demand on the same account against several new parties who were alleged to have participated in the fraud. A summons for the new defendants was served upon them in another county, where they resided. They moved to quash the service on the ground that they had not been made parties by any order of the court, and that the situation was not such as to warrant summons for them being issued to another county. *Held,* that

(1) The permission granted by the court for the defendant to make additional parties, although they were not named or described, was a sufficient authority for their being made defendants by the action of the original defendant; and

(2) Inasmuch as the original defendant, by the voluntary act of the plaintiff, had acquired the right to prosecute in that proceeding a claim against him based upon the alleged fraud, the right followed to issue summons to another county for other persons charged with liability upon the same cause of action.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed November 8, 1919. Reversed.

*George E. McMahon,* of Anthony, for the appellants.

*E. C. Wilcox,* of Anthony, and *T. A. Moxcey,* of Atchison, for the appellees.

The opinion of the court was delivered by

MASON, J.: John W. Davies brought an action in Harper county to foreclose a mortgage on land there situated. The mortgage was executed by O. A. Simmons to the Exchange State Bank of Nortonville, Kan. The plaintiff claimed by as-

signment from the bank. The petition alleged that the land had been purchased, and the payment of the debt assumed, by Norman Lutz, against whom a personal judgment was asked. The plaintiff having died, his administratrix, Theodosia Davies, was substituted, and the case proceeded without substantial change.

Lutz asked, and was granted, leave within forty days to file an answer and cross petition and "to make additional parties defendant," the number not being stated, and no names being mentioned, either in the application or the order. Within the time stated, he filed an answer (his wife joining) which, besides interposing a defense to the mortgage, included a claim for damages against the plaintiff and the persons named as new parties defendant (the bank to which the mortgage had been given and a number of its directors) because of false representations alleged to have been made to him with their connivance, as to the quality and value of the land, at the time of its purchase by him. A summons was issued to Jefferson county, where the new defendants resided, and was there served upon them. They thereupon, limiting their appearance to that purpose, moved to set aside the service upon them. The motion was sustained, and this appeal is taken from that ruling.

The appellees contend that the judgment should be affirmed (1) because the court had made no order making them parties, and (2) because, even if such an order had been made, they were not proper parties, and the action was not of such a character that they could be brought in by a summons issued to another county than that in which it was pending.

1. The statute provides that "when a determination of the controversy cannot be had without the presence of other parties the court or judge must order them to be brought in" (Civ. Code, § 40, Gen. Stat. 1915, § 6930), and that "when it appears that a new party is necessary to a final decision upon a counterclaim, the court or judge may either permit the new party to be made by a summons to reply to the counterclaim, or may direct the counterclaim to be stricken out of the answer and made the subject of a separate action." (Civ. Code, § 99, Gen. Stat. 1915, § 6991.) These provisions are intended to meet the situation they describe, and do not in express terms, nor as we think by any fair implication, forbid new parties being

Davies v. Lutz.

added by a different method under other circumstances. A plaintiff in bringing his action has an unrestricted choice as to how many and what persons he shall make defendants, and he indicates his selection by the names inserted in the petition. As to some of them he may not have stated a cause of action, and he may not be able to procure a valid service upon them, but this does not affect his right to include them in the list of persons against whom he seeks relief. If after the action has been brought he finds that he has omitted names which he would prefer to have included, and asks leave to make additional defendants, we think a mere order granting such leave, without indicating the number of new parties or mentioning their names, would confer authority to have them brought in —a result accomplished by adding their names to the petition and causing process to be served upon them. Such is the common practice, and the power it lodges in the plaintiff does not appear capable of any very serious abuse. When a defendant asks leave to file a cross petition, making additional parties, a quite similar situation is presented. He merely seeks permission to sue them in the pending action. The granting of his request does not imply a ruling upon the question whether or not any of the persons against whom he shall attempt to state a cause of action are liable to him upon the face of the pleading, or may be properly pursued in that proceeding, or can be required to meet the allegations against them on their merits. These are all matters for subsequent consideration. The mere authorized insertion of the name of a person in the pleading, with appropriate allegations, in a sense makes him a party, even although it might happen that valid service could not be made upon him. We conclude that the circumstance that the court or judge had made no order declaring the appellees (other than the plaintiff) by name or description to be parties defendant does not invalidate the service of summons upon them.

2. If the residents of Jefferson county who had in the sense indicated been made parties could be served with summons issued from the Harper county court, and thus be required to litigate in that forum matters charged against them by Lutz, the original defendant, it must be because of the statutory provisions to the effect that transitory actions may be brought

"in the county in which the defendant or some one of the defendants reside or may be summoned" (Civ. Code, § 55, Gen. Stat. 1915, § 6945), and that "where the action is rightly brought in any county . . . a summons shall be issued to any other county against any one or more of the defendants, on the plaintiff's præcipe." (Civ. Code, § 61, Gen. Stat. 1915, § 6952.)   If Lutz had begun an independent action in Harper county upon the matters set out in his cross petition, and had there procured service upon Davies (the original plaintiff), he could then have caused a summons to be served at their homes upon the residents of Jefferson county whom he charged to have participated with Davies in the fraud upon him.   Even if Davies had permitted service to be made upon himself in Harper county for the very purpose of having the controversy litigated there, the residents of the other county could not on that account defeat the local jurisdiction on the ground of an. abuse of process.   (*Bank v. Niquette,* 103 Kan. 410, 174 Pac. 581.)   If he had entered a voluntary appearance to such an action the same result would seem to follow.   He was not served with summons in Harper county, nor did he enter a voluntary appearance as a defendant there.   But he did in that county bring an action against Lutz of such a character as to enable Lutz to set up a counterclaim on account of a fraud which he alleged was perpetrated upon him by Davies and others.   We are of the opinion that by analogy with the rule in the other situations suggested, Lutz, having assumed the attitude of a plaintiff, and having already in court one of the persons by whom he claimed to have been defrauded, was entitled to have summons issued for the others to any county in which they might be found.

The appellees invoke the rule that a plaintiff who has properly brought a local action in a county other than that of the defendant's residence cannot compel the defendant to litigate there a transitory action by undertaking to engraft it upon the one already brought.   (*Neal v. Reynolds,* 38 Kan. 432, 16 Pac. 785.)   That, however, is not the situation here presented. Lutz finds himself properly sued in Harper county upon his assumption of the note and mortgage. He sets up as a counterclaim, and this the appellees concede he could properly do, a demand against the plaintiff for damages for fraud in inducing

Davies v. Lutz.

him to buy the mortgaged property.  He asserts the right to bring into the action nonresidents, whom he alleges to have participated in the fraud, on the theory that as his claim against one of the wrongdoers may properly be presented and tried there, he has the right to require the others to defend in the same proceeding.

There is a conflict of decisions on the question whether additional parties may be made under a cross demand.  (20 R. C. L. 696, 697; and see especially 26 L. R. A., n. s., 128-130.)  In the cases on the subject it is often assumed that only necessary parties may be so added—that is, parties without whose presence a full determination of the controversy could not be had —whose absence would create a defect of parties.  Here the new parties were not necessary in this sense—they were not indispensable to a trial of the issues between Lutz and Davies. But Lutz had a right to litigate in this action his claim for damages against Davies, and while this could have been done without the presence of all who had participated in the alleged wrong, the provision of the code which permits residents of different counties against whom liability is urged on the same cause of action to be proceeded against together in any county where one of them can be brought into court, evinces the policy of the law to allow a controversy of that character to be settled at one time, and we regard the present instance as within the reason of the rule.

The judgment is reversed with directions to overrule the motion to set aside the service.