No. 22,316.

THEODOSIA DAVIES, as Administratrix, etc., *Appellee,* v. NORMAN LUTZ and LOUISE LUTZ, *Appellants,* THE EXCHANGE STATE BANK OF NORTONVILLE et al., *Appellees.*

SYLLABUS BY THE COURT.

1. MORTGAGE FORECLOSURE—*Parts of Petition Stricken Out—No Prejudicial Error—Judicial Discretion.* The striking out or retaining of profuse and unnecessary averments in a pleading is largely within the discretion of the court, and where an order to strike is made, which leaves in the pleading sufficient to enable a party to present all of its claims or defenses, no prejudicial error is committed.

2. SAME.—*No Abuse of Judicial Discretion.* Under the rule stated, it is held that the striking out of portions of defendants' answer and cross petition furnishes no ground for a reversal.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed July 10, 1920.  Affirmed.

*George E. McMahon,* of Anthony, for the appellants.

*E. C. Wilcox,* of Anthony, and *T. A. Moxcey,* of Atchison, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a foreclosure proceeding, and an appeal is taken from a ruling striking out parts of an answer and cross petition filed by the defendants Norman Lutz and Louise Lutz.

Davies v. Lutz.

In a former appeal in the case questions as to the validity of a service upon additional parties brought into the case were determined. (*Davies v. Lutz*, 105 Kan. 531, 185 Pac. 45.) After the remand of the case and upon a motion of plaintiff, the court struck out averments in the second and third defenses set up in the answer and cross petition. The defendants insist that material averments essential to their defenses were stricken from the second count, and they complain especially of the elimination of statements relating to the lack of consideration for the assignment of the note and mortgage to the plaintiff. There is nothing substantial in this contention, as it appears that the averment that the assignment was without consideration was not stricken from the pleading. That which was stricken was largely argumentative in character, and besides, there still remained in the count averments to the effect that the assignment was colorable and fraudulent and made without consideration. As full proof may be produced by the defendants upon the pruned count as if the elimination had not been made.

In respect to the third and sixth defenses it may be said that the matter stricken from them consisted mainly of argumentative statements, evidentiary matters, legal conclusions, and averments immaterial to the questions involved. The pleading is prolix and contains much more that might have been stricken without weakening the pleading or hampering the defendants in their proof. Some of the statements stricken are only elaborations of other facts pleaded, and no error would have been committed if these had been left in the pleading, but doubtless they were stricken because they were interwoven with irrelevant and unnecessary matters. An examination of the pleading discloses that enough is left in it to enable the defendants to offer any competent proof they may have of fraud or invalidity in the transfer of the paper. The striking out or retaining of profuse and superfluous averments is largely within the discretion of the trial court. (*Sramek v. Sklenar*, 73 Kan. 450, 85 Pac. 566.) It has been held that an order striking out parts of an answer, but which leaves sufficient to present all proper defenses and counterclaims, is not prejudicially erroneous. (*Stroupe v. Hewitt*, 90 Kan. 200, 133 Pac. 562.) In defendants' pleading there is left sufficient

to admit of all the defenses they are seeking to make, and under the rule of the case last cited no prejudicial error was committed in striking out portions of the answer and cross petition.

Judgment affirmed.