## RAHN v. GRAY.

(193 Pac. 926.)

**Appeal and Error—Appeal Dismissed, and Judgment Affirmed, for Failure to File Abstract.**

1. Where appellant asks and obtains 20 days' additional time within which to file her abstract, and fails to file it within several months, a motion for dismissal and affirmance of judgment will be granted, under Rules 6 and 16, 89 Or. 712, 718, (173 Pac. viii, x).

Appeal and Error—Unreasonable Delay in Filing Bill of Exceptions No Excuse for Failure to File Abstract.

2.   While the Supreme Court has not fixed any precise limit of time within which a bill of exceptions must be settled and filed and sent to it, it will not allow an unreasonable delay in so doing to excuse a failure to file the abstract within the time allowed by the rules or an extension of such time.

From Klamath: DELMON V. KUYKENDALL, Judge.

In Banc.

This is a motion by the respondent for a dismissal of an appeal and affirmance of the judgment of the Circuit Court.

APPEAL DISMISSED.   JUDGMENT AFFIRMED.

*Mr. H. M. Manning* and *Mr. William Ganong,* for the motion.

*Messrs. Rutenic & Yaden, contra.*

McBRIDE, C. J.—1. Various grounds for dismissal are set forth, but we find it sufficient to consider only one, the failure of the appellant to file an abstract as required by Rule 6, 89 Or. 712 (173 Pac. 8), which specifies that such abstract shall be filed within twenty days, after the transcript is filed in this court. Rule 16, 89 Or. 718 (173 Pac. 10), provides:

"If, without reasonable excuse, the appellant fails or neglects to serve and file abstracts or briefs as required by the rules of this court, the respondent may have the judgment or decree affirmed on motion and notice; and in case of an abandoned appeal, the opposite party may have the judgment or decree likewise affirmed on motion by presenting a copy of the judgment or decree, undertaking, notice of appeal, and proof of service thereof."

On March 31, 1920, a judgment was rendered against plaintiff for $954.16 and costs. Her appeal was finally perfected on June 11, 1920, and the transcript was filed here July 12, 1920, within the time re-

quired by law. The transcript contained only certified copies of the judgment, notice of appeal with proof of service, and the undertaking, barely sufficient to give this court jurisdiction. On August 2d appellant asked and obtained twenty days' additional time within which to file her abstract. It was not filed within that time, and has never been filed. Neither has there ever been any further extension of time. No bill of exceptions has ever been presented to the court below for allowance and settlement, so that so far as this court is concerned the case still stands here with nothing supporting the appeal except the bare jurisdictional transcript.

The appellant's attorneys attempted to excuse the failure to file the abstract by an affidavit which does not deny the failure to file the abstract, and admits that no bill of exceptions has been tendered for settlement, but alleges that appellant's attorneys are diligently at work preparing one which will be served and filed within a week; also that the appeal is being prosecuted in good faith and with the full belief that reversible error occurred at the trial. The excuse given for the failure to file a bill of exceptions is that for some time after the trial the court stenographer was so engaged in court work that he was unable to extend the testimony, and later that delay in arrangements for an appeal and perfecting same was necessarily caused by the absence of appellant in California. Neither of these contentions is supported by the record. The certificate of the clerk shows that the testimony was extended and filed with the clerk of the Circuit Court on June 19, 1920, five months before the affidavit was filed. And the personal presence of appellant was certainly not necessary to

enable counsel to prepare and settle the bill of exceptions or to prepare and file the abstract.

2. While this court has not fixed any precise limit of time within which a bill of exceptions must be settled and filed and sent to this court, it will not allow an unreasonable delay in so doing to excuse the failure to file the abstract within the time allowed by our rules, or an extension of such time. Cases are not set for hearing in this court until the abstract and briefs are filed, and to permit unreasonable delay in the filing of abstracts hinders the setting down and hearing of cases just to the extent that the abstract is withheld. Our leniency in excusing defaults and these matters has been great, perhaps too great, but this delay is too unreasonable, and the excuse for it too weak to justify us in overlooking it.

The appeal will be dismissed and the judgment affirmed. APPEAL DISMISSED. JUDGMENT AFFIRMED.