## CARTER *v.* SIMPSON ESTATE CO.

(193 Pac. 913; 203 Pac. 580.)

ON MOTION TO DISMISS.

**Appeal and Error—Time for Filing Abstract Under Stipulation.**

1. Where by stipulation of parties appellant was granted by the Supreme Court additional time to "prepare and serve" on respondent an abstract, such time to extend to and include November 6th, nothing being said in the order as to the time of filing in the Supreme Court, a fair construction of Supreme Court rule 6 (89 Or. 712 [173 Pac. viii]) would leave the appellant five days after November 6th within which to file the abstract.

**Appeal and Error—Omission of Index in Abstract Excused, Where Overlooked by Attorney.**

2. Where appellant omitted index from abstract by reason of the local printer having little experience in preparing and printing abstracts, appellant's attorney overlooking the omission by reason of his anxiety to get it served in time, and leave was asked to file the printed index, the court felt justified in excusing the omission, and permitted the index to be filed, on motion by respondent to dismiss the appeal.

**Appeal and Error—Rule as to Printing a Reference to Page Where Exhibits Would be Found Held Substantially Complied With.**

3. Where no exhibits were printed in the abstract, and the necessity for printing a reference to the page where they may be found in the transcript was not apparent, rule 5 of the Supreme Court (89 Or. 711 [173 Pac. viii]) was substantially complied with where, following page 1 of the transcript of testimony, there was a complete index to all of the exhibits.

**Appeal and Error—Where Abstract is Imperfect or Unfair, Respondent may File Additional Abstract.**

4. The remedy for imperfection or unfairness in the appellant's abstract is found in rule 7 of the Supreme Court (89 Or. 712 [173 Pac. viii]) which provides that respondent may, within ten days after receiving a copy, deliver to appellant's counsel and to the clerk of the court such further or additional abstract as he shall deem necessary to a full understanding of the questions involved.

**Appeal and Error—Objection That Abstract Does not Sufficiently Set Forth Errors Covered by Court Rule.**

5. An objection that appellant's abstract does not sufficiently set forth the errors relied on in the appeal is covered by Supreme Court rule 12 (89 Or. 717 [173 Pac. x]), which provides that the Supreme Court will not examine or consider errors not assigned in the abstract, except those going to the jurisdiction of the court or the sufficiency of the action.

ON THE MERITS.

**Mortgages—Writing as to Manner of Obviating Absolute Deed Supersedes Oral Understanding.**

6. Although it is permissible to establish by parol that a deed absolute on its face was intended as a mortgage, yet, when the parties themselves put into writing the means by which the effect of the deed may be obviated, and the title returned to the grantor therein, those writings supersede any oral understanding, unless the validity of those writings is attacked for fraud or mistake, under Section 713, Or. L.

**Mortgages—Evidence Held to Show Deed was Given in Satisfaction of Mortgage.**

7. In action to have deed absolute on its face declared a mortgage, evidence *held* to show that the deed was given in cancellation of the mortgage indebtedness, and that such debt was discharged.

From Coos: JOHN S. COKE, Judge.

In Banc.

This is a motion to dismiss an appeal, upon the grounds: (1) that the abstract was not filed within the time prescribed by the rules of this court or by any order of this court; (2) that such abstract does not contain an index as required by rule 11 of this court; (3) that there is not appended to the abstract

---

6. On parol evidence that a written instrument which on its face imports a complete transfer of a legal or equitable estate or interest in property was intended to operate as a mortgage or pledge, see comprehensive note in L. R. A. 1916B, 18.

of each paper reference to the page of the transcript on which such paper will be found; and (4) that the abstract does not concisely assign the errors relied upon for reversal.      OVERRULED CONDITIONALLY.

*Mr. A. H. Derbyshire* and *Mr. A. S. Hammond,* for the motion.

*Mr. George P. Topping* and *Mr. A. G. Thompson, contra.*

McBRIDE, C. J.—1. The first ground assigned does not appear to be well taken. The transcript on appeal was filed here on October 4, 1920, and according to rule 6 of this court (89 Or. 712 [173 Pac. 8]), it became the duty of the appellant within twenty days thereafter to prepare and serve his printed abstract, and within five days after such service to file in this court sixteen copies thereof, accompanied by proof of service. By stipulation of the parties, the appellant was granted by this court additional time to "prepare and serve" on respondent an abstract, such time to extend to and include November 6, 1920. Nothing is said in the order as to the time of filing here, and a fair construction of the rule would leave appellant five days after November 6th within which to file the required number of copies of the abstract with the clerk of this court. Such copies were filed here on November 9, 1920, and were within time.

2. Another objection is that there is no index to the abstract, and this is admitted. But in extenuation of this omission appellant sets forth in an affidavit by his attorney the following:

"In reference to an index to said abstract, will say that the printer of the local paper at Myrtle Point,

103 Or.—25

Oregon, has had little experience in preparing and printing abstracts; that I gave him for a copy an abstract in another case, which was indexed according to rules of the Supreme Court, but in his rush at the last hour he neglected to prepare and insert in said abstract an index, and in my anxiety to get the same served on time I overlooked the index, having in mind at the time the rule (rule 10 [173 Pac. 9]) with reference to a brief, which does not require an index if the printed matter does not cover twenty pages; that appellant is ready and willing to have printed, and will insert in the abstracts served and filed, an index thereto."

As this omission has not in any way delayed the case, and appellant has asked leave to file such printed index, we feel justified in excusing the omission, and he will be permitted to file it.

3. No exhibits are printed in the abstract, and the necessity for printing a reference to the page where they may be found in the transcript is not apparent. Following page 1 of the transcript of testimony is a complete index to all of the exhibits. We think that the requirements of rule 5 (89 Or. 711 [173 Pac. 8]) have thus been substantially complied with.

4. The remedy for imperfection or unfairness in the appellant's abstract is found in rule 7 (89 Or. 712 [173 Pac. 8]), which provides in substance that if respondent deems such abstract imperfect or unfair, he may within ten days after receiving a copy thereof deliver to appellant's counsel and to the clerk of this court sixteen copies of such further or additional abstract as he shall deem necessary to a full understanding of the questions involved in the appeal.

5. The objection that the abstract does not sufficiently set forth the errors relied upon in the appeal is covered by rule 12 (89 Or. 717 [173 Pac. 10]), which provides that this court will not examine or consider

errors not assigned in the abstract, except those going to the jurisdiction of the court or the sufficiency of the action.

The motion to dismiss will be overruled, upon the condition that appellant shall within ten days from the date of this opinion serve upon defendant's attorneys a copy of the index tendered in the affidavit and motion for leave so to file, and shall within such time file with the clerk of this court the requisite number of such copies. Failure to comply with this condition will result in a dismissal of the appeal.

OVERRULED CONDITIONALLY.

Affirmed January 17, 1922.

ON THE MERITS.

(203 Pac. 580.)

For appellant there was a brief over the names of *Mr. A. G. Thompson* and *Mr. George P. Topping,* with an oral argument by *Mr. Thompson.*

For respondents there was a brief over the names of *Mr. Stanley Peddler, Mr. A. H. Derbyshire* and *Mr. A. S. Hammond,* with oral arguments by *Mr. Peddler* and *Mr. Derbyshire.*

Department 1.

BURNETT, C. J.—According to the admitted allegations of the pleadings, the plaintiff, being indebted to the assignor of the Simpson Estate Company in the sum of $29,695, joined with his wife in a mortgage on certain lands in Coos County to secure a note for that amount. Afterwards, having become the owner of the note and mortgage, the defendant Simpson Estate Company began a suit to foreclose

that mortgage. There seem to have been negotiations for a settlement of the suit, with the result that on June 24, 1918, the plaintiff and his wife joined in a deed, absolute on its face, by which they conveyed all of the lands in fee to the Simpson Estate Company. Thus far the parties agree. From thenceforward there is an effort on the part of the plaintiff to show by parol that this deed although absolute on its face was a mortgage given to secure the indebtedness already mentioned. Further, it is said that the time for repayment of the debt was extended to December 31, 1919, and that afterwards the defendant Simpson Estate Company extended the time until February 1, 1920, but that notwithstanding the agreement, the defendant company conveyed the property to the defendant Bones, who took with notice of all the plaintiff's right to pay the debt and redeem the property. The allegations of the complaint covering the extension of time and the right to redeem, are denied by the answers. The contention of the defendants is that the plaintiff and his wife conveyed the property, as stated, in satisfaction of the debt, in consideration of which the defendant company released and discharged the indebtedness.

There appears in evidence the deed from the plaintiff and his wife to the Simpson Estate Company, conveying the property to the latter, as stated, containing the covenant of the present plaintiff to warrant and defend the property against all encumbrances, except unpaid taxes and the mortgage for $29,695, dated May 27, 1915. At the same time, as part of the same transaction, the defendant Simpson Estate Company executed and delivered to the plaintiff an option in writing, giving to the plaintiff the sole right and choice to buy the real property in-

volved upon the payment by the plaintiff to the Simpson Estate Company on or prior to December 31, 1919, the sum of $33,500. It is stated in the option that one of the considerations for the granting of the same is the execution of a lease of the premises from the Simpson Estate Company to Carter and a payment of the rent reserved therein. A copy of the lease also appears in the record, and finally this document, executed at the same time, is admitted by the plaintiff to have been signed by himself and his wife:

"Know all men by these presents: That we, Cecil C. Carter and Alta E. Carter, of Coos County, State of Oregon, for and in consideration of the sum of one dollar, lawful money of the United States of America, to us in hand paid by Simpson Estate Company, a corporation, organized and existing under and by virtue of the laws of the State of California, have remised, released and forever discharged, and by these presents do, for ourselves, our heirs, executors and administrators, release and forever discharge the said Simpson Estate Company and also Simpson Lumber Company, a corporation, organized under the laws of the State of California, and each of them, from all claims and demands of every kind, nature and character, which against the said Simpson Estate Company or the said Simpson Lumber Company, or either of them, we or either of us ever had or now have, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of these presents."

In its tenderness for debtors, equity has gone to great lengths and has firmly established the doctrine that a deed absolute on its face may be shown by parol to be really and truly a mortgage to secure the payment of a debt from the grantor to the grantee. In other words, for that purpose it is competent to prove by parol a defeasance of a *prima facie* abso-

lute deed. On the other hand, it is equally competent for a mortgagor to convey to the mortgagee any real property in payment and discharge of the mortgage debt. In the very nature of the term, there can be no mortgage unless there be also a debt to be secured by such mortgage, and courts have laid hold of very slight circumstances to show that the debt was in existence and in force after the absolute conveyance. In this instance the plaintiff freely admits the execution of all of the documents herein mentioned, and their delivery to the defendant. He was asked this question:

"Did you receive back your note and mortgage?

"A. That is a matter that I don't have any remembrance of getting the mortgage back.

"Q. Did you receive back that note?

"A. The attorney might have gotten it, but I do not remember about that.

"Q. Do you know whether or not the note was released to your attorneys?

"A. No, I do not.

"Q. Do you know whether the mortgage was released of record?

"A. I think the record shows that it was released later on."

He testifies that he paid nothing after the lease was given except the rent. He also testifies that he made some improvements on the land with the consent of the Simpson Estate Company, the expense of which was deducted from the rent. Although he says his attorney did not turn over to him any papers in regard to releasing the mortgage, when asked if the attorney ever turned over to him any note, he answered, "No, sir; not at that time." On the other hand, the attorney who was conducting the foreclosure suit on behalf of the Simpson Estate Company testi-

fies in substance that in pursuance of negotiations to settle the matter, at the request of the attorney for defendant there, plaintiff here, he sent the satisfaction of the mortgage and the note to a bank at Myrtle Point as a depositary, to be delivered to the other attorney on receipt of the first installment of the rent under the lease, which money was to be forwarded to the witness, and that he received the amount afterwards.

The effect of this testimony is, that the defendant company gave up the note and mortgage. It has no means of enforcing the claim against the plaintiff, having executed and delivered the satisfaction of the mortgage and given up the note. Another circumstance indicating that the instrument denominated an option was really what it purported on its face to be, is that at the time of the execution of the option to this plaintiff to buy the land at $33,500, there was due on the note and mortgage the sum of $35,178.68, computing the interest at 6 per cent per annum on the original note from its date until the date of the option. All of these circumstances indicate the extinction of the debt, so that the company cannot enforce the same against the plaintiff. As to the further extension of the time to February 1, 1920, the plaintiff himself testifies that before the expiration of the option on December 31, 1919, he endeavored to get a further extension of time, but that in each instance he was refused by the defendant company's representatives.

6, 7. In another aspect of the case, although it is permissible to establish by parol a defeasance of the deed, or, in other words, to show that it was a mortgage, yet when the parties themselves put into writing the means by which the effect of the deed may be

obviated and the title returned to the grantor therein, those writings supersede any oral understanding. In other words, they contain the terms of the contract, the effect of which cannot be avoided, unless the validity of those very instruments is attacked for fraud or mistake: Or. L., § 713. No question is made in this case but that the deed, the option, the lease and the above quoted release were all executed by the parties, as appears on the face of those instruments. No fraud or mistake is intimated in the pleadings and we can do naught else than enforce according to their legal effect the writings which the parties have made. The testimony that the land is much more valuable than what would be due upon the original indebtedness appeals strongly to anyone reading the record, but we cannot change the law. In short, it is a case where the debtor has conveyed the property in satisfaction of his debt,. and the creditor has dis-charged the debt. The release given by the plaintiff and his wife is sweeping in its terms. Read in connection with the other documents executed at the same time and as a part of the same transaction, it unmistakably discharges the Simpson Estate Company and its assignor from all claim which the plaintiff had against either of them to redeem the property.

The record has been carefully read and reread, with a view of ascertaining any basis for the plaintiff's relief, but none can legally be found. The decree must be affirmed.

AFFIRMED.    OBJECTIONS TO COST BILL OVERRULED.

McBRIDE, HARRIS and RAND, JJ., concur.