No. 23,097.

NELLIE MANWARING, *Appellant*, v. SUSAN A. REYNOLDS et al., *Appellees*.

SYLLABUS BY THE COURT.

1. ACTION—*To Set Aside Will—Pleading Evidential Facts—Not Good Pleading.* In an action by a widow to set aside her deceased husband's will which cut her off with a pittance and left the bulk of his estate to a woman alleged to have lived with him for years as his concubine, the details of the testator's illicit relationship with the beneficiary are not a necessary part of the petition where the cause of action is grounded on the fraud and undue influence of the beneficiary in procuring the making of the will. Such details are merely evidential facts, and not the ultimate facts which alone are required to be stated under the rules of good pleading.

2. SAME. Under the rules of good pleading, the ultimate facts should be narrated and not the evidence by which those facts may be established.

3. PLEADINGS—*Certain Recitals Stricken from Petition—No Prejudicial Error.* When there remains a cause of action stated in a petition after certain recitals of fact provable as evidence are stricken therefrom, it is not prejudicial error to strike such recitals from the petition.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed April 9, 1921. Affirmed.

*E. L. Foulke*, and *James B. Nash*, both of Wichita, for the appellant.

*Henry Lampl*, of Wichita, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This appeal concerns a mere question of pleading.

The plaintiff, Nellie Manwaring, was the wife of John Manwaring, now deceased. They formerly resided in Connecticut. John forsook his lawful wife and came to Wichita and took up his abode with Susan Reynolds, assuming the name of John Reynolds. John and Susan lived in Wichita for several years as husband and wife. At John's death, Susan sought to administer his estate, but the facts of his true name and that he had a lawful wife in Connecticut came to light, so Susan abandoned her project to administer John's estate, and produced a will supposedly executed by John, signed in his proper name, and which bequeathed all of John's property to Susan, except three items of $175 each, one of which was to the plaintiff, his lawful wife.

The plaintiff commenced this action to set aside the will, alleging fraud and undue influence on the part of Susan in procuring the making of it, and narrating in detail the long-continued illicit relationship of Susan and John.

The trial court sustained defendant's motion to strike these details from the petition.

Plaintiff appeals.

The trial court might have let the petition stand as written by the pleader, but it cannot be said as a matter of law that it was error to strike out the details touching the illicit relationship of Susan and the testator. (*Davies v. Lutz,* 107 Kan. 199, 191 Pac. 485.) The circumstantial facts narrated in the petition can be shown in evidence along with whatever other evidence may be available (*Moon v. Moon,* 102 Kan. 737, 741, 173 Pac. 9), to establish the important and controlling ultimate fact alleged—undue influence or fraud of defendant in procuring the making of the will. But it is a trite rule of pleading that one should plead his facts and not his evidence. (21 R. C. L. 438, 443, 445.) In 31 Cyc. 49, it is said:

"It is neither necessary nor proper to allege matters of evidence in a pleading; only ultimate facts should be alleged, not the circumstances which tend to prove them."

Both plaintiff and defendant seem to misconceive the consequence of the trial court's ruling on the motion to strike. They devote most of their briefs not to the sufficiency of the pleading but to the interesting question of law whether illicit relationship or concubinage is in itself sufficient to justify a finding and

judgment of fraud or undue influence. That question cannot be determined now. The case is not here on demurrer to plaintiff's petition. The matters stricken from the petition were merely evidential circumstances, not ultimate facts; the ultimate facts, so far as pleaded, were contained in the allegations of fraud and undue influence, and as the petition still stated a cause of action after the evidentiary details were stricken from the petition (*Davies v. Lutz*, supra), the trial court committed no reversible error.

Plaintiff correctly concedes that another order made by the trial court—requiring the petition to be made more definite and certain, is not appealable.

The judgment is affirmed.