No. 27,048.

WILLIAM FROWE, *Appellee,* v. L. E. McPHEETERS et al., *Appellants.*

SYLLABUS BY THE COURT.

1. BROKERS—*Creation of Agency—Duty to Act in Good Faith and Be Loyal.* Where persons engaged in the sale of real estate solicit authority from an owner of land to permit them to sell it representing that they have found a purchaser for the same at a stated price, which is the highest and best price that anyone could get for such land, and the owner accepts their tender of services, and authorizes them to negotiate a sale, nothing being said as to the commission to be paid, and the sale is consummated and an accounting made by them to him, they are deemed to be his agents and are in duty bound to act in the utmost good faith and loyalty to him in the transaction.

2. SAME—*Liability for Excess Purchase Price Retained—Forfeiture of Right to Compensation.* Where such brokers make false representations to him as to the purchaser and the price paid for the land, and after selling it for a price greatly in excess of the represented price, and in an accounting retain for themselves the excess price for which the land was actually sold, they are liable for so much of the price paid as they retained and forfeit any claim to compensation for procuring a purchaser.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed January 8, 1927. Affirmed.

*George K. Melvin* and *R. E. Melvin,* both of Lawrence, for the appellants.
*J. B. Wilson,* of Lawrence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was begun by William Frowe, a resident of Florida, against L. E. McPheeters, and four others as de-

---

Agency, 2 C. J. p. 430 n. 23. Brokers, 9 C. J. pp. 536 n. 25, 537 n. 30; 4 R. C. L. 269, 325; 45 L. R. A. 33.

fendants, asking for a recovery of $2,000 by reason of the fraudulent action of the defendants in a real-estate transaction. In his petition he alleged that he was the owner of forty acres of land in Douglas county, about two miles distant from Lawrence, and resided in Florida; that the defendants were engaged in the real-estate business in the vicinity of Lawrence and did business under the name of the Mansfield Investment Company. It is alleged that the defendants wrote to him suggesting that they had a buyer for his land who would give the sum of $8,500 for it, stating that it was the best offer that anyone could get for the land when in fact they had bargained with one Martin Miller to purchase it for the sum of $10,500. It is alleged that the defendants conspired together to falsely represent to plaintiff that the price of $8,500 was the best offer that could be obtained; that the proposed purchaser was one H. S. Tayloe, and that plaintiff being in sheer need of the purchase price and relying upon the statements of the defendants about it, being entirely ignorant of the falsity of their representations, authorized the defendants to close the sale and accept from the purchaser the price of $8,500, and that amount was remitted to plaintiff by the defendants. The plaintiff adds that the representations as to price and the name of the purchaser were absolutely false and were made to plaintiff for the deliberate purpose of defrauding him, that plaintiff did not learn of the fraud until after the transaction had been completed, that in truth and in fact the purchaser was Martin Miller and that defendants represented to Miller that $10,500 was the price placed on the land by the plaintiff, and that he would accept no less. It was further alleged that plaintiff was a resident of Florida and at no time had been personally present in Lawrence, and had no personal conversations with any of the defendants as to the sale, but that all communications in the transaction were carried on by mail or telegrams. Plaintiff therefore asked that by reason of the facts a recovery be had from the defendants in the sum of $2,000.

Two of the defendants served with process filed motions to require the plaintiff to make the petition more definite and certain in respect to the details constituting the alleged conspiracy, and the matters which are relied upon as fraud as mentioned in the petition; also to state whether or not the relation of principal and agent subsisted between the parties or what the relationship was, and that plaintiff be required to set out whatever the contract and transac-

tions between himself and defendants was, shown by mail and telegrams, as alleged in the petition. The motion to make more definite and certain was overruled and also a demurrer to the petition on the ground that facts sufficient to constitute a cause of action were not stated.

Error is assigned on the overruling of defendants' motion to make the petition more definite and certain, but it is now conceded that the order is not reviewable at this time as it is not an appealable order. (*Manwaring v. Reynolds,* 108 Kan. 777, 196 Pac. 1086.) The ruling on the demurrer is a reviewable order and upon that order defendants contend that the petition does not state employment or agency, nor show that there was any contractual relationship between the parties. It is urged that they were dealing at arm's length and had a right to make as good a bargain with plaintiff as they could, that they received no compensation for the transaction and had not demanded any, and that plaintiffs having accepted their offer that is the end of the matter.

The question arises, Were defendants agents of plaintiff and as such bound to act in good faith and to inform him fully as to purchaser, price, terms and all facts material to the transaction? An agent is said to be one "who undertakes to transact some business, or manage some affair, for another, by the authority and on account of the latter, and to render an account of it." (3 Bouvier's Law Dictionary, Third Revision, p. 2687. See, also, 2 C. J. 430.) Plaintiff had land which he desired to sell. Defendants were real-estate brokers who desired and invited authority to act for plaintiff in conducting a sale of his land. Representations were made to him concerning the price at which his land could be sold and of a prospective purchaser. Plaintiff knowing nothing as to the truth of the representations accepted their tender of services and authorized them to act for him. They conducted the negotiations, effected a sale and accounted to him by remitting what they said were the proceeds of the sale. Thus it appears that the defendants were authorized to bring about a business relation between the plaintiff and a third person which in a legal sense constitutes a distinctive characteristic of agency. It is said that one of the features of an agency is an agreement as to commission and that this was lacking. Here, however, the defendants acted upon the authority of plaintiff and rendered services in his behalf, and although the contract was silent on the subject of commissions or compensation, the plaintiff could not

escape liability for the reasonable or customary commission, if defendants' acts in the transaction were free from falsity and fraud. (*Nourse v. Prime,* 7 Johns. Ch. 69 [N. Y.]; 4 R. C. L. 297.)

Under the circumstances the defendants were not, as they contend, in the attitude of purchasers, but were authorized by plaintiff to act for him and in his behalf. They acted upon authority conferred by him and rendered an account to him and in a legal sense were his agents. As such it was their duty to act with the utmost good faith and loyalty to him. Instead of that it is alleged that they made false representations to him as to the price paid for the land upon which plaintiff relied in closing a sale and they fraudulently took a secret profit for themselves. The effect of such a fraud and disloyalty is stated in *Deter v. Jackson,* 76 Kan. 568, 92 Pac. 546, as follows:

"Where a real-estate broker falsely states the facts and deceives the owner as to the price paid for the latter's land, and fraudulently retains a part of the selling price, the broker is liable not only for so much of the consideration as he retained but he will also forfeit all claim to any compensation for procuring a buyer."

The judgment of the district court is affirmed.