## MARVIN v. MAYSVILLE ST. RAILROAD & TRANSFER CO.

*(Circuit Court, D. Kentucky. January 18, 1892.)*

1. DEATH BY WRONGFUL ACT—RIGHT OF ACTION—PARTIES.
     The right of action for damages given by Gen. St. Ky. c. 57, p. 550, to the personal representative of "any person" whose life is lost by the negligence of a railroad company, etc., to be pursued "in the same manner that the person himself might have done for any injury where death did not ensue," is not confined to decedents who were citizens or residents of Kentucky, nor to personal representatives appointed in and by the state of Kentucky.

2. SAME—ASSETS—ADMINISTRATION.
     Such right of recovery is not an asset upon which administration, in the case of a non-resident, can be obtained in Kentucky.

At Law. On demurrer to complaint. Overruled.

*William M. Tugman, G. Bambach,* and *L. W. Robertson,* for plaintiff.
*A. M. J. Cochran* and *Wm. H. Wadsworth,* for defendant.

BARR, District Judge. This is a suit by the plaintiff, as administrator of Marion Wilson, deceased, who was at the time of his death a citizen of the state of Ohio, and who is alleged to have been killed in Maysville, of this state, in November, 1890, by the negligence and carelessness of an employe of the defendant. The plaintiff has been appointed by the proper court in the state of Ohio as the administrator of decedent, and is himself a citizen of Ohio, and the defendant is a Kentucky corporation, and, as such, a citizen of this state. The plaintiff claims his right of action, both under the Kentucky and Ohio statutes, and the defendant has filed a general and special demurrer. The grounds of the special demurrer are that this court has no jurisdiction of the defendant, or the subject of the action, and that plaintiff has not legal capacity to sue. The action is for the death of the decedent under the first section of chapter 57, Gen. St., and not under chapter 10 of said statutes. That section enacts:

"If the life of any person not in the employment of a railroad company shall be lost in this commonwealth by reason of the negligence or carelessness of the proprietor or proprietors of any railroads, or by the unfitness or negligence or carelessness of their servants or agents, the personal representative of the person whose life is so lost may institute suit and recover damages in the same manner that the person himself might have done for any injury where death did not ensue." Gen. St. c. 57, p. 550.

If the life of any person is lost in this state by reason of the negligence, carelessness, or unfitness of the agents or servants of a proprietor of a railroad, or by his own negligence or carelessness, a right is given his personal representative to recover damages. Evidently there is nothing in this section that confines this right to citizens or residents of the state of Kentucky, but the right is given to any person without regard to residence or citizenship. The remedy is given to the personal representative of the person thus killed, and he may pursue the remedy thus given "in the same manner that the person himself might have done for any injury where death did not ensue." As a mere matter of construc-

tion, the remedy seems to be as broad as the right which is given by the statute; but does "personal representative" mean any one who may be appointed by this state, or any other state, or is it only a personal representative appointed in and by the state of Kentucky? This is the question raised by the demurrer, and one not free from difficulty. It may be assumed as settled that, had the decedent not died from his injuries, his action would have been a transitory one, which he could have enforced in this or any state where he could have obtained actual service. *Mostyn* v. *Fabrigas*, 1 Cowp. 161; *McKenna* v. *Fisk*, 1 How. 241; *Watts* v. *Thomas*, 2 Bibb, 458. We think it is the law of this state that actions like this one are transitory, unless made local by the act of the state which gives the right and remedy. *Dennick* v. *Railroad*, 103 U. S. 11; *Bruce* v. *Railroad Co.*, 83 Ky. 174.

It is argued that as non-residents of this state who are killed by negligence and carelessness, as indicated in this section, usually have no personal estate in the state, a construction of the act, so as to confine the remedy to personal representatives appointed by and in the state of Kentucky, would deprive those non-residents of all remedy. This, it is claimed, would be in contravention of section 2, art. 4, of the constitution, which provides "that citizens of each state shall be entitled to all the privileges and immunities of citizens of the several states." Justice WASHINGTON in *Corfield* v. *Coryell*, 4 Wash. C. C. 381, in considering this section, says: "We feel no hesitation in confining these expressions to those privileges and immunities which are, in their nature, fundamental;" and then enumerates some privileges which are clearly fundamental, and among these he puts the right "to institute and maintain actions of any kind in the courts of the state" which a citizen of the state could. It becomes, therefore, important to inquire whether the right given under this section (chapter 57, § 1) is sufficient to give Kentucky county courts jurisdiction to appoint a personal representative for a non-resident of the state who was killed in this state by the negligence or carelessness described in said section.

In *Thumb* v. *Gresham*, 2 Metc. (Ky.) 308, the court of appeals of this state declare:

"Where there are no assets in this state belonging to a decedent who resided in another state, to be administrated here, the county courts have no jurisdiction to grant administration; and any such grant is void, and confers no power or authority on the person appointed as administrator."

The broadest definition of "assets" that I have seen is that given by Justice Story, who says:

"In an accurate and legal sense, all the personal property of the deceased, which is of a salable nature, and may be converted into ready money, is deemed 'assets.' But the word is not confined to such property; for all other property of the deceased which is chargeable with his debts or legacies, and is applicable to the purpose, is, in a large sense, assets." Story, Eq. Jur. 531.

The right given under this section (chapter 57, § 1) never belonged to the decedent. It was never his property, if property it be, until recovery; but both the right and the remedy are given by the express

language of the section to his personal representative, who ever that might be, after his death.

It is quite true that this recovery, if obtained, is a part of the personal estate of the decedent, and as such is subject, in this state, to the payment of his debts, and goes to his distributees under the statute of the state as other personal property. This is, however, by force of the statute, and not because it ever belonged to the decedent. It is compensation for his death when recovered, which becomes a part of his personal estate by force of the statute, and could as well have been given to his wife, if one survived him, or any kinsman or connection of the decedent, if the statute had so provided. We think, therefore, that the right to recover for the death of a decedent given by this section is not assets upon which an administration of a non-resident decedent could be obtained in this state. And this, even though it be conceded that a right of action for personal injuries during a decedent's life, and which is made to survive his death by statute, (chapter 10,) might be sufficient assets to obtain administration upon his estate here. This is a remedial statute, and should be construed liberally for the purpose of carrying out the legislative intent. And certainly, if the language is doubtful, and one construction would make the law unconstitutional and the other constitutional, the latter construction should be given. But, aside from the constitutional question, it seems to me that the legislature did not intend, in this section, to confine either the right or the remedy therein given to personal representatives appointed by the courts of this state. The plaintiff, by reason of his appointment by a proper court in Ohio, is within the description of the persons entitled to sue by the Kentucky statute, and may maintain this action. But he must conform to Kentucky law as to the manner of recovery, and the disposition of the recovery. This recovery becomes liable to decedent's debts due to citizens and residents of Kentucky, because, when recovered, it becomes part of the personal estate of decedent. After these are paid, the balance is to be distributed and disposed of according to the laws of the state of which decedent was an inhabitant. Sections 6-8, art. 2, c. 39, Gen. St. This disposition of any recovery that may be had, should be secured by a bond similar to the bond provided for by sections 43, 44, art. 2, c. 39, Gen. St. It is true that this action is not for a debt, nor is it due the decedent, and therefore it is not within the terms of these sections; yet the court, under its general powers, has the authority to require such a bond, so as to protect the creditors who may be entitled to subject this recovery, if any, to the payment of their debts under the Kentucky laws. The conclusion reached by the court is not free from doubt, but it seems to be the only practical solution of the question so as to make the law uniform in its operation, and constitutional. The demurrers should be overruled, and it is so ordered.