No. 16,764.

RAUGH, ADMINISTRATOR, v. WEIS ET AL.

ADMINISTRATOR.—*Court Control of.*—*May be Ordered to Dismiss Action.* —*Costs.*—*Legacy.*—*Distribution.*—*Foreclosure of Mortgage.*—It is within the power of the circuit court, having probate jurisdiction, to order an administrator with the will annexed to dismiss a suit in another court to foreclose a mortgage against legatees, upon a showing by the latter that the debts of the estate are paid; that the same is ready for final settlement; that the mortgage debt is less than their share, and that they are willing to accept the amount of such debt upon distribution; and if it appears that the suit was wrongfully brought, it may be ordered dismissed at the administrator's costs.

From the Marion Circuit Court.

*W. F. A. Bernhamer, F. J. Van Vorhis* and *W. W. Spencer,* for appellant.

*A. C. Ayres* and *A. Q. Jones,* for appellees.

McCABE, J.—The appellant is the administrator with the will annexed, of Anna E. Schuessler, deceased, and the appellees, Anna M. Weis and Elizabeth Mueller, and the children of Catherine Raugh, now deceased, who are also the children of the appellant, who is their legally appointed guardian, are the sole legatees and devisees mentioned in the last will and testament of said testatrix.

After the debts and liabilities of the estate had all been settled and paid, there was not enough money in the hands of the administrator to pay the cash legacies provided for in the will. The appellant, as administrator, under the order of the circuit court, sold a piece of real estate belonging to the said estate to raise money to pay said legacies. The real estate sold for three thousand dollars in three payments, one thousand cash in hand, two other payments of one thousand dollars each in nine and eighteen months. The appellees became the pur-

chasers, paid the thousand dollars and executed two notes of one thousand dollars each for the deferred payments to the appellant, as administrator, with a mortgage on the premises securing the payment of the same.

The appellant, as administrator, brought suit in the superior court to foreclose the mortgage and collect the notes. The appellees filed a petition in the circuit court stating, in addition to the facts above recited, that prior to the application to the circuit court for an order for said sale the appellant and his attorneys represented to appellees that, in order to pay the legacies named in the will, it would be necessary to sell certain of the real estate belonging to said estate, and that the expense of selling the same would be very small, as there would be little to do, and that immediately thereafter a distribution of the assets realized from the sale of said property would be made, and that said administrator proposed that if appellees would purchase one portion of said real estate for $3,000, they would be called upon to pay but the $1,000 in cash, and would not be called upon to pay said notes, but the same would be distributed to them as their distributive portion of said estate, under the will, before January 1st, 1892; that relying thereon appellees purchased said real estate on the 17th day of November, 1891, paid the $1,000 in cash, and executed the two promissory notes as proposed; that said sale has been reported to and confirmed by said court; that since said sale, and since January 1st, 1892, appellees have requested and demanded of said administrator that a distribution be made; that there are no claims or charges against the estate that remain unpaid; that said administrator has already been allowed $150 for his services, and his said attorney has been allowed $250 for his services in said estate; that said administrator and his said attorney, as a condition of the aforesaid distribution, demanded that the appel-

lees agree that said attorney should receive $100 more for his services herein, and said administrator should receive $50 more, which demand appellees refused to accede to, claiming that if any further allowance should be made it must be done by order of the Marion Circuit Court; that thereupon said administrator, the appellant, brought suit in the Marion Superior Court to foreclose the said mortgage securing the payment of said two promissory notes, and that said suit is now pending in said last named court; that the year since the appointment of appellant as administrator expired on the 9th day of September, 1892; that the sole purpose and intent of said suit is to harass and annoy appellees in the effort to compel them to accede to the demands of said administrator and his attorney for a further allowance; that said suit is without any other reason, as appellees are willing to receive, and have frequently demanded, that said mortgage notes be distributed to them as a part of their distributive share of said estate, their interest in said estate being largely in excess of the amount of said notes.

Prayer that the court will order and direct said administrator to dismiss, at his own expense, and without cost to the estate, said suit on said notes and mortgage so pending in said superior court; and that the court also direct and order said administrator to immediately make a final report and pay into court the assets of said estate and make distribution thereof according to law.

The appellant's demurrer to said petition for want of sufficient facts was overruled, and on a hearing of the evidence the court rendered judgment in accordance with the prayer of the petition over a motion for a new trial. These rulings are the only ones assigned here for error, that have not been waived for failure to argue them in appellant's brief.

An administrator is an officer of the court having probate jurisdiction, and in the management of the trust committed to him by that court in his appointment is at all times subject to all lawful rules and orders that such court may make touching the management of the same. 7 Am. and Eng. Encyc. of Law, 170, and authorities there cited.

An administrator is also a trustee for those interested in the estate he represents. *Smith* v. *Calloway*, 7 Blackf. 86; *Nugent* v. *Laduke*, 87 Ind. 482; 7 Am. and Eng. Encyc. of Law, 233, and authorities there cited.

In 1 Perry on Trusts, section 427, it is said: "All the power and influence which the possession of the trust fund gives must be used for the advantage and profit of the beneficial owners, and not for the personal gain and emolument of the trustee. No other rule would be safe; nor would it be possible for courts to apply any other rule, as between trustee and *cestui que trust*." See authorities in note 1 to that section.

Here it is circumstantially alleged that the only object to be accomplished by the suit to foreclose the mortgage and collect the notes is to make a profit to the administrator and his attorney. That there are no unpaid claims against the estate, and that the $1,000 which appellees have paid is amply sufficient to pay the cash legacies named and provided for in the will, and that it was agreed and understood, when the order of sale was secured and when appellees became purchasers of the real estate, that as their distributive share of the estate under the will far exceeded the amount of the two notes they should be distributed to them instead of and for so much cash. But because appellees would not consent to allow the administrator and his attorney each a compensation in excess of what the court had allowed them, and because appellees proposed to make no additional

allowance for such services unless the circuit court should so order, appellant refused to distribute the assets in his hands pursuant to the understanding, and refused to rely on the court for the additional compensation demanded, and brought the suit to foreclose for the sole purpose, as is alleged, to harass and annoy appellees into a compliance with the demands of appellant and his attorney. The demurrer admits these facts to be true. All persons having an interest in the estate were before the court, and none of their interests would be subserved by the prosecution of the suit in the superior court to foreclose the mortgage and collect the notes, but all of their interests would be manifestly impaired and injuriously affected in the amount that it would cost to collect through foreclosure proceedings the $2,000. All that could be saved by distributing the notes to the appellees without such expense pursuant to their previous consent and agreement to receive them as that much money, and their subsequent demand for such distribution.

But counsel say that sections 2535 and 2536, 1 Burns' Rev. St. 1894 (sections 2379 and 2380, R. S. 1881), must be complied with before such a distribution can be demanded, and that the previous agreement or arrangement under that statute is a mere nullity. Those sections have no bearing on the question, for they provide for the method of obtaining an order on the administrator or executor to pay over a portion of the share to a distributee or legatee on his giving bond in advance of the final settlement and distribution. The relief here sought had no reference to an order for a partial distribution in advance of the final settlement, but it had reference to a final settlement and distribution.

Section 2537, of the same statutes (section 2381, R. S. 1881), provides that "after one year from the granting

of letters, the executor or administrator may, if the estate be solvent, discharge the specific legacies and pay the general legacies bequeathed by any will, if there be sufficient assets.''

This section is more applicable to the state of facts set forth in the petition than those referred to by appellant. But, aside from any statutory provision, it was within the equity powers of the court, on proper application of those interested in the estate, to make any and all such orders on its officer whom it had appointed as would best subserve and protect the interest of those entitled to the estate as distributees.

The petition was sufficient to call into exercise those powers, by calling the attention of the court to the abuse by the administrator of the trust the court had reposed in him in promoting his own interest. The previous agreement of the administrator with appellees is of no particular significance more than to show that the appellees were willing to receive the notes on distribution of the estate instead of, as and for so much money, and the petition shows that they were still willing and insisting on so receiving them. This left no excuse for the administrator to incur the expense to collect them, especially as the facts stated, and admitted by the demurrer, show that the practical effect of such collection, under the circumstances, would be to compel the appellees to pay the money to the administrator that he might pay it back to them again on distribution. It is axiomatic that when the hand that is to pay is the same hand that is to receive, the law considers the payment as already made, without any further ceremony about it. It is true this is not exactly that kind of a case, but it is closely akin to that class of cases.

Practically, under the circumstances, the appellees were to pay the two notes of $2,000 in the aggregate, and

they were to receive the $2,000 back from the adminis-
trator.   There was no necessity that the money should
be passed from their hands to those of the administrators
in order that it might be passed back to their hands by
the administrator.

It is insisted that the circuit court had no jurisdiction
to interfere with the process and proceedings of a court
of co-ordinate jurisdiction, as the superior court was,
which had first obtained jurisdiction of the foreclosure
suit.

It is a sufficient answer to this contention that the re-
lief sought in the petition did not propose to interfere
with the process of the superior court.   It only proposed
that the circuit court should exercise jurisdiction over
its own officer, an officer of its own appointment, and
over his personal conduct in the management of a trust
confided to him by that court.   The petition sought no
order against the action of the superior court, but it is
confined to a request that the circuit court should con-
trol the personal conduct of its own officer.   If, in the
exercise of such power over its own officer, it causes him
to dismiss an action in the superior court, that in no way
interferes with the jurisdiction of the superior court.

We are therefore of opinion that the circuit court did
not err in overruling the demurrer to the petition.   It is
not denied by the appellant that the evidence, which is
in the record, tending to support the finding, fully and
amply sustains the finding of the court;   and it is con-
ceded that we can not weigh the evidence.

It is insisted that it was error to order the dismissal of
the foreclosure suit at the personal costs of the adminis-
trator.   It has been held by this court, where an admin-
istrator knowingly brings a wrong action, he is person-
ally liable for the costs.   *Harrison, Admr.*, v. *Warner*,
1 Blackf. 385.

The court heard all the evidence, and we are of opinion that it justified the finding and judgment of the court. Therefore, the circuit court did not err in overruling the motion for a new trial.

Therefore, the judgment is affirmed.

Filed May 8, 1894.