## Young *v.* Morrison.

### Opinion delivered June 4, 1923.

1. JURY—MANNER OF SELECTION.—Crawford & Moses' Dig., §§ 6383-5, regulating the manner of selecting a jury, are mandatory.

2. JURY—MANNER OF SELECTION.—Where the clerk, under the orders of the court, prepared a list of eighteen jurors from the regular panel of 24, upon which list each of the parties made three peremptory challenges, and the court, at appellant's request, then called the jurors from the bottom of the list, a substantial compliance with Crawford & Moses' Dig., §§ 6383-5, is shown.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; affirmed.

*David C. Arnold* and *John N. Cook,* for appellant.

The court erred in refusing to grant appellant a panel, the clerk of the court, who had made up the jury list, being the party defendant. Secs. 6383-4, Crawford & Moses' Digest; 48 Fed. 148; 49 Fed. 347; 49 Fed. 359. Statute is mandatory. 157 U. S. 348.

*Pratt P. Bacon* and *Louis Josephs,* for appellees.

The procedure for selecting the jury was a virtual compliance with the law, and the cases cited by appellant are not applicable to the case made nor controlling herein. Appellant was in no way prejudiced by the method of selecting the jury. 60 Ark. 481; 97 Ark. 226; 128 Ark. 594. Burden on appellant to show prejudicial error. 150 Ark. 508; 139 Ark. 408. Appellee's consenting to selection of the jury by calling the names from the bottom of list of 24 waived request for drawn jury. 134 Ark. 268. The judgment is right on the whole case, and should be affirmed. 62 Ark. 228; 141 Ark. 540; 135 Ark. 559.

WOOD, J. This action was instituted by the appellant against O. P. Morrison and John T. Davis. The appellant alleged that Morrison executed a note to appellant in the sum of $1,652.68, and that Davis indorsed the note; that the note was past due, and that no part thereof had been paid. No service was had on Morrison.

On June 12, 1922, the appellee, Davis, answered and denied that he indorsed the note at the time same was executed and delivered to the appellant. He averred that he indorsed the note at the request of the appellant, and solely for his accommodation, and not for the purpose of guaranteeing the payment thereof, but to enable the appellant to obtain an extension of time on his past due indebtedness to the Murray Gin Company.

The cause came on for trial on the 20th day of June, and the bill of exceptions states the following: "* * * the plaintiff appearing by D. C. Arnold, his attorney, and the defendant by his attorney, Louis Josephs, and this cause is regularly reached upon the docket and called for trial. Before the jury was selected and list thereof furnished the parties, the plaintiff stated to the court that the defendant, John T. Davis, is the clerk of this court, and has prepared the list of eighteen names from which the jury to try this cause is to be selected, and moves the court to grant a panel in order

that the jurors trying this cause should be drawn according to the provisions of law found in §§ 6383 and 6384 of Crawford & Moses' Digest. The court refused to grant the said motion, and overruled said motion for a drawn jury; to which the plaintiff at the time excepted and asked that his exceptions be noted of record, which is accordingly done. The court then took the list of jurors, and asked plaintiff's counsel if he desired the court to call from the top or bottom of the list as prepared by the clerk, whereupon plaintiff's counsel requested the court to call the jurors from the bottom of the list, which was done. Thereupon the plaintiff was required to go to trial before a jury of twelve men selected from the list of eighteen names of jurors from the regular panel, said list of eighteen names of jurors from the regular panel having been prepared by said defendant, John T. Davis, in the usual manner, the said John T. Davis being the clerk of this court, upon which said list each of the parties made three peremptory challenges.''

The cause was submitted to the jury thus formed. The trial resulted in a verdict and judgment in favor of the appellee, Davis, from which judgment is this appeal.

The only question presented by the appellant for our consideration is whether or not the court erred in the manner of forming the jury. The appellee contends that there would have been no reversible error even if the court had refused a jury trial, under the undisputed evidence. But we find that no reversible error was committed by the trial court in the manner of forming the jury, and it is therefore unnecessary to consider any other issue. Sec. 6383 of C. & M. Digest provides as follows: ''If either party shall desire a panel, the court shall cause the names of twenty-four competent jurors, written upon separate slips of paper, to be placed in a box to be kept for that purpose, from which the names of eighteen shall be drawn, and entered on a list in the order in which they were drawn, and numbered.''

Sec. 6384 provides as follows: "Each party shall be furnished with a copy of said list, from which each may strike the names of three jurors, and return the list so struck to the judge, who shall strike from the original list the names so stricken from the copies, and the first twelve names remaining on said original list shall constitute the jury."

Sec. 6385 provides: "Before the drawing of the list above mentioned, the court shall decide all challenges for cause which are presented, and, if there are not twenty-four competent jurors, bystanders shall be summoned, as hereinbefore provided, until the requisite number of competent jurors is obtained, from which said list shall be drawn. Where there are several persons on the same side, the challenge of one shall be the challenge of all, under this chapter."

Learned counsel for the appellant assumes that the record above set forth shows that the trial court refused him a panel drawn in accordance with the requirements of the above statutes, and, in doing so, erred. To sustain his contention he cites *Gulf, C. & S. F. Ry. Co.* v. *James,* 48 Fed. 148; *Gulf, C. & S. F. Ry. Co.* v. *Washington,* 49 Fed. 437; *Gulf, C. & S. F. Ry. Co.* v. *Martin,* 49 Fed. 359; *Gulf, C. & S. F. Ry. Co.* v. *Shane,* 157 U. S. 348. The decisions of the Federal courts in these cases are to the effect that the above provisions of the Digest are mandatory. In the case of *Gulf, C. & S. F. Ry. Co.* v. *Shane, supra,* Judge White, speaking for the court, said: "Under these sections (Mansfield's Digest, which correspond to the sections under review) then, the parties are entitled, after the challenges for cause have been exhausted, to have a list of eighteen drawn according to the terms of the statute, upon which list their peremptory challenges are to be made. The action of the court below was in violation of this statute. It refused to make up the list of eighteen, as requested, and confined the right of peremptory challenge to the twelve jurymen called to be sworn, on the ground that such was the cus-

tom and rule of practice of the court. Manifestly, the
'rule' or custom of the court could not override the
mandatory terms of the statute. That to thus impanel
a jury in violation of law, and in such a way as to de-
prive a party of his right to peremptory challenge,
constitutes reversible error, is clear.''

We concur with the Supreme Court of the United
States in this interpretation of our statute, but we do
not agree with counsel for the appellant that the above
record shows that the trial court denied appellant a panel
as the statute requires. On the contrary, as we view the
record, the method that the court adopted of selecting
the trial panel was a substantial compliance with the
provisions of the statute. The record shows that a list
of eighteen jurors was prepared by the clerk from the
regular panel, as the statute requires, upon which list
each of the parties made three peremptory challenges,
and the court then called the jurors from the bottom
of the list, at the request of the appellant. It seems that
the only reason of the appellant's counsel for demanding
the panel was that the appellee was the clerk of the
court, and had prepared the list. These were mere
clerical duties which the appellee had to perform. Even
if the appellant had been entitled to have some one else
appointed to perform these duties, which we do not
decide, he did not make such request, and he cannot com-
plain therefore because the court did not have some
one else prepare the list, if the court had such power
under the statute. The appellant does not allege or
show that there was any fraud perpetrated upon him
by the appellee in the preparation of the list from the
regular panel in the usual manner. The judgment is
therefore correct, and it is affirmed.