## LEBO, ADMINISTRATOR *v.* BOWLIN ET AL.

[No. 14,948. Filed March 16, 1934. Rehearing denied December 15, 1934. Transfer denied February 23, 1935.]

*Louis B. Ewbank,* for appellant.

*Fae W. Patrick, Gifford & Gifford,* and *Kemp & Russell,* for appellees.

KIME, J.—This is an action instituted by appellant, as administrator of the estate of Mary J. Young, deceased, to set aside a voluntary trust deed, made by decedent at the time when an insanity proceeding against her was pending in court, which trust deed con-

veyed to appellee bank, in trust, personal and real property belonging to decedent, for her use and benefit during her lifetime and at her death the balance remaining to be divided between her daughter, Elizabeth Y. Lebo, and decedent's sister, Catherine Ann Bowlin, who died after the death of decedent, but before the commencement of this action, leaving her surviving, as her sole and only heirs at law, her husband, Melvin L. Bowlin, and her children, Frederick Bowlin, Bertha B. Knee, and Charles Bowlin, who, together with the Citizens National Bank of Tipton, Indiana, Trustee, are appellees here.

The pleadings disclose that Mary J. Young, the donor, received from the estate of her husband, Seneca Young, on December 31, 1926, $12,800.00 in Liberty Bonds, capital stock of Young's Furniture Company and certain real estate; that on March 3, 1927, Elizabeth Y. Lebo, the daughter of Mary J. Young and Seneca Young, instituted a suit against her mother, praying for the appointment of a guardian for her mother, alleging that she was a person of unsound mind and unable to take care of her property.

That on January 19, 1928, donor, for whose estate plaintiff is administrator, executed the trust agreement herein sued upon, by which trust agreement donor placed in trust, with appellee bank, the Liberty bonds, capital stock in the Young Furniture Company and certain real estate, all of which she received from the estate of her deceased husband. That said donor was to receive all income and benefits from said trust estate during her lifetime, even to the extent of using the principal, if necessary, for the benefit of donor, and at her death the remainder of said trust estate was to be divided between her daughter, Elizabeth Y. Lebo and donor's sister, Catherine Ann Bowlin. That said trust agreement contained the following: "That the donor

hereby expressly surrenders all right and power to amend, modify or revoke this trust, in whole or in part, with the exception of the reservations heretofore mentioned in said trust, and that all former dispositions as to this property are hereby revoked." That the reservations referred to were that donor retained the right, in the event both beneficiaries died before donor, to change the beneficiaries.

That thereafter on February 25, 1928, the decedent and Elizabeth Y. Lebo, entered into a compromise agreement, in reference to the insanity suit, which, among other things, ·contained the following:

"That whereas, a suit is now pending in the Clinton Circuit Court of Indiana, wherein the latter is plaintiff and the former is defendant, and Whereas, it is desired to compromise the same,

"NOW THEREFORE, said cause is compromised on the following terms:

"1. The executor of the estate of Seneca G. Young, deceased, shall apply for an order to transfer 33 shares of the common capital stock of Young's Furniture to the said Mary J. Young and a like number of shares to Elizabeth Y. Lebo;

"2. The Citizens National Bank, as Trustee under the Voluntary Deed of Trust of first party, shall at once apply to said Tipton Circuit Court for an order to sell, and sell said 33 shares of said stock so transferred to first party unto Elizabeth Lebo for $150.00 per share cash;

"3. That said Clinton Circuit Court shall render a judgment therein in said cause in favor of the defendant, and the said Lebo shall pay the costs of said action, except the witness fees and mileage and defendant's witnesses therein;

"5. That the said Lebo shall not hereafter bring any action or proceeding to set aside or attack said Voluntary Deed of Trust executed by first party to Citizens National Bank, on January 19th, 1928."

On the same day, by agreement, judgment for costs was entered in the insanity proceedings.

The administrator of the estate of Seneca Young and

the trustee named in said trust agreement applied for and received permission to sell and did sell the stock, mentioned in said compromise agreement, to said Elizabeth Y. Lebo and all things necessary to be done by donor were done and her part of the contract was fully performed.

On July 27, 1931, donor died intestate and Noah R. Lebo was appointed administrator of her estate. That after all debts and liabilities of her estate have been paid there will remain in the hands of said administrator, as such, approximately $5,000.00, therefore, this action is not brought for the benefit of creditors.

On September 12, 1931, the administrator brought this action to set aside the trust deed on the ground that the donor was insane at the time of the execution thereof, naming as defendants the appellees here and Elizabeth Y. Lebo. Answers of general denial and estoppel were filed by the appellees. Demurrers were filed to such answers, three of which were sustained and three of which were overruled. The several answers of general denial were withdrawn; the plaintiff refused to plead further, and judgment was rendered in favor of appellees, to the effect that each of said paragraphs of answer, to which demurrers, respectively, were overruled, stated a sufficient cause of defense. Upon plaintiff's motion and over objection of appellees the cause was dismissed as to Elizabeth Y. Lebo, who had not answered the plaintiff's complaint.

Appellant brings this appeal, setting up as error, the overruling of his demurrers as to the third and fifth paragraphs of answer of appellees, Bertha B. Knee, Charles Bowlin, Frederick Bowlin, and Melvin L. Bowlin and as to the third paragraph of answer of appellee, Citizens National Bank, Trustee.

These answers alleged, among other facts, the following: that Elizabeth Y. Lebo, by her contract of

February 25 ratified the trust deed; that by this same contract she covenanted not to sue to set aside said trust deed; that the stock in the furniture company, which she acquired by reason of this contract, was purchased for $150.00 per share; that the value of the stock at the time of said purchase by Elizabeth Y. Lebo was $300.00 per share; that said contract was executed on February 25, 1928, and Mary J. Young died on the 27th day of July, 1931.

From the above allegations we find that the judgment of the lower court should be affirmed for the following reasons: "If, in making a contract, the parties agree upon or assume the existence of a particular fact as the basis of their negotiations, they are estopped to deny the fact so long as the contract stands, in the absence of fraud, accident or mistake." 21 C. J. 1110, 1111 and cases cited.

Until the contract of January 19, 1928, is set aside Elizabeth Y. Lebo is bound by all its terms and must fulfill them and her covenant not to sue now estops her from suing to set aside the trust deed. *Carpenter* v. *Buller* (1841), 8 Meeson & Welsby, 208; *Moon* v. *Moon,* (1918), 102 Kansas, 737, 173 Pac. 9; *United Fidelity Life Ins. Co.* v. *Fowler* (1931), (Tex.), 38 S. W. (2d) 129, 131.

The agreement not to sue was a recital of a particular fact and it is the law that a recital of a particular fact is the basis for an estoppel. *Dr. Ward's Medical Co.* v. *Wolleat* (1924), 160 Minn. 21, 199 N. W. 738, 741; *First National Bank* v. *Rogers* (1868), 13 Minn. 407, 97 Am. Dec. 239.

Applying the facts in the instant case to the rule hereinabove set forth we find that Elizabeth Y. Lebo, under and pursuant to the terms of the contract, which is still in full force and effect, agreed not to bring an action or proceedings to set aside

or attack said trust deed, which agreement was one of the bases for the contract, and by reason thereof she is estopped to deny such particular fact so long as the contract stands.

Since Elizabeth Y. Lebo is estopped, Noah R. Lebo, her husband and administrator of the estate of Mary J. Young, is also estopped for the reason that he, as such administrator is trustee for Elizabeth Y. Lebo, sole heir of Mary J. Young, deceased, and such fiduciary relationship estops said trustee from now attempting to disaffirm and set aside such trust deed. *Raugh, Adm.* v. *Weis et al.* (1893), 138 Ind. 42, 37 N. E. 331; *Smith* v. *Calloway* (1844), 7 Blackford, 86; *Winchell* v. *Sanger* (1900), 73 Conn. 399, 44 Atl. 706, 66 L. R. A. 935.

It is clear, from the above, that the trial court did not err in overruling the appellant's demurrers to the third and fifth paragraphs of answer of appellees, Bertha B. Knee, Charles Bowlin, Frederick Bowlin and Melvin L. Bowlin and third paragraph of answer of appellee, Citizens National Bank, Trustee.

The appellees have assigned cross-errors but these cross-errors are directed to pleadings, which are not set out in appellees' brief, as provided by the rules of this court, hence no questions are presented for our consideration.

Judgment of the Tipton circuit court is affirmed and it is so ordered.