CONDO, ADMINISTRATOR *v.* BARBOUR ET AL.

[No. 15,195.   Filed February 17, 1936.]

*Richard L. Ewbank* and *W. C. Shepherd,* for appellants.

*Wiles, Springer & Roots, Albert J. Peine* and *Henry H. Wilson,* for appellees.

KIME, P. J.—The appellant filed a petition in the Franklin Circuit Court for authority to sell an undivided one-fourth interest in certain real estate located in that county. The petition alleged that one R. C. Barbour died September 2, 1926, a resident of Butler County, Ohio, and left personal property in that county; that on July 28, 1932, the appellant applied for and was granted letters of administration on decedent's estate, a duly authenticated copy of which was filed with the clerk of the Franklin Circuit Court. The petition further alleged that the Probate Court of Butler County, Ohio, had jurisdiction of the estate of said decedent and had authority to issue the letters and that the petitioner was, at the time of the filing of the petition in the Franklin Circuit Court, the duly qualified and acting administrator of the estate of R. C. Barbour. That he had in his possession and under his control all of the personal property of said decedent, which was of the value of $429.22 and that this amount was wholly insufficient to pay the debts of decedent and the costs of administration upon his estate and that this was all of the personal property that belonged to the estate of the decedent that had come to the knowledge of the appellant. That the estate was indebted in the sum of $1,943.00, together with certain interest on some of the debts and that the debts represented by said sum had been allowed by the administrator as valid claims.

The petition further recited that the decedent at the time of his death was not an inhabitant of or domiciled in the State of Indiana; that he owned no personal property located within the county of Franklin; that he left no assets in any county in the State of Indiana and that no assets of said decedent, since his death, had come into the State of Indiana; that there were no claims

against said estate in the State of Indiana and that at no time since the death of said decedent up until the time of the filing of the petition could letters of administration have been taken out within the State of Indiana and that no ancillary administrator could have been appointed before July 28, 1932; and that under the laws of the State of Ohio there was no limitation of time fixed for the taking out of letters of administration except that original administration could not be granted after the expiration of twenty years after the death of the decedent except by petition.

That the decedent died the owner of an undivided one-fourth interest in and to certain real estate described in the petition and located in Franklin County, State of Indiana, approximating two hundred forty (240) acres and that said real estate was liable for and should be sold for the purpose of making a fund from which the debts could be paid and that the probable value of the undivided one-fourth interest of decedent in said real estate was $4,115.00. The petitioner·in said petition asked the court for an order authorizing the sale of such real estate under such terms and conditions as the court might determine. The petition named Carrie A. Barbour and Edwin H. Barbour as defendants but did not allege why they were made such defendants and it does not appear from the petition whether they were related to or heirs of the decedent, R. C. Barbour, nor what their interest in the real estate or proceedings were.

To this petition the appellees, Carrie A. Barbour and Edwin H. Barbour, separately and severally demurred for the reason that the petition did not state facts sufficient to constitute a cause of action and for memorandum said that the petition shows on its face that the decedent died on September 2, 1926; that letters of administration were not taken out until July 28, 1932, and

that the petition did not show that the debts, for the payment of which sale was sought, constituted any lien or liens of record in the county wherein the real estate was situated and that the petition showed on its face that letters of administration were not taken out until more than three years had elapsed after the time when such letters could first have been taken out and that the relief prayed for could not be granted without contravening §6-1106, Burns 1933, being §3145, Baldwin's 1934, and Acts 1913, ch. 25, §1, page 46, and further that said petition failed to show that the relief prayed for could be granted by virtue of any exception to the limitation contained in the above act.

The demurrer was sustained by the trial court and the appellant refused to plead further. Judgment was rendered against the appellant that he take nothing by his petition and that the appellees recover the costs of the proceeding. It is from this judgment that this appeal is taken, the assignment of error being that the court erred in sustaining the demurrer. The acts of 1913, ch. 25, §1, p. 46, being §6-1106, Burns 1933, and §3124, Baldwin's 1934, provides as follows:

"SALE PRECLUDED BY THREE YEARS' DELAY IN TAKING OUT LETTERS. Hereafter, no real estate situated in the State of Indiana, of which any person may die seized, shall be sold by the executor or administrator of such deceased person to pay any debt or obligation of such deceased person, which debt or obligation is not a lien of record in the county in which such real estate is situate, or to pay any costs of administration of any decedent's estate, unless letters testamentary or of administration upon the estate of any such deceased person are or shall be taken out within three (3) years after the time such letters could first be taken out, as now or may be hereafter prescribed by law, it being provided that the provisions of this act shall not

apply to or affect the lien of any mortgage, judgment or other encumbrance of record in any county in which any such real estate of any such deceased person is situate or the rights thereunder as now established by law."

The Acts of 1881, ch. 45, §11, p. 423, as amended in 1901, ch. 121, §1, p. 281, being §6-301, Burns 1933, and §3030, Baldwin's 1934, provides that "At any time after the death of an intestate, the proper clerk or court having examined the person applying for letters, and such persons as may be deemed proper to be examined, under oath . . . shall grant letters of administration . . ." to certain designated classes of persons but such statute did not say that letters shall not be granted to others. The Acts of 1881, ch. 45, §12, p. 423, being §6-302, Burns 1933, and §3031, Baldwin's 1934, provides that "Such letters shall be granted in the county: . . . Third. Where, not being an inhabitant, and dying out of the state, he leaves assets." The petition alleged that the decedent was not an inhabitant of the State of Indiana; and did not die in Indiana. It is our opinion that he did leave assets in the State of Indiana, upon which letters of administration could have been issued, and from the allegations of the petition it is apparent that such letters were never applied for nor issued.

The appellant contends that the decedent did not leave assets in the State of Indiana, contending that the realty was not an asset upon which there could be administration. Of course, ordinarily, the title to personal property of a deceased vests in the administrator or executor and the title to real estate vests in the heirs of such decedent, subject to any debts that the deceased might have had at the time of his death, in the event the personal property was not sufficient to satisfy them. Decedent's personal property is liable (1) for the payment of these debts and if it is

not sufficient the realty would then be resorted to. Administration is granted upon the estate of a decedent so that those to whom he is indebted may be properly represented to the end that the obligations of decedent might be met, and in the event there is more than enough property to satisfy the creditors, then to see that what remains after the costs of administration had been paid goes to the heirs of the deceased as designated by statute.

The Supreme Court of Alabama, in construing a statute almost identical with ours, which provided that "where the intestate not being an inhabitant of the state, dies out of the county, leaving assets therein," said that "The word 'assets' as here used, includes both *real* and *personal* assets, and, therefore, comprehends land or real estate, according to its ordinary signification. . . . Such property was and is expressly charged, by statute, with the payment of the decedent's debts. . . ." *Bishop et al.* v. *LaLouette's Heirs* (1880), 67 Ala. 197, 200. Such is the situation in Indiana.

The United States Circuit Court of Appeals for the Southern District of Ohio in *Mutual Life Ins. Co.* v. *Farmers & Mechanics' Nat. Bank* (1909), 173 Fed. Rep. 390, 397, said "The assets of an estate are 'the property in the hands of an heir, executor, administrator, or trustee, which is legally or equitably chargeable with the obligations which such heir, executor, administrator, or trustee, is as such, required to discharge.' *Favorite* v. *Booher's Adm'r.,* 17 Ohio St. 558. Whatever may have been the definition affixed to the term 'assets' in the earlier history of the law, it means, in modern usage, as applied to decedent's estate, property, real or personal, tangible or intangible, legal or equitable, which can be made available for, or may be appropriated to, the payment of debts. . . . 'In an accurate and legal sense,' says Justice Story, 'all the personal property of

the deceased, which is of a salable nature, and .may be converted into ready money, is deemed assets. But the word is not confined to such property; for all other property of the deceased which is chargeable with his debts and legacies, and is applicable to that purpose, is, in a large sense, assets.' Story's Eq. Jur. §531; *Marvin v. Marysville St. R. & T. Co.* (CC), 49 Fed. 436, 437; *Wilson v. Tootle* (CC), 55 Fed. 211, 213."

Thus it is our conclusion that since letters of administration were not taken· out within three years after the death of decedent when such letters could first have been taken out and further since the petitioner is not within any of the exceptions of the 1913 act, *supra,* the demurrer was properly sustained.

Finding no reversible error the judgment of the Franklin Circuit Court is in all things affirmed.

Curtis, C. J., concurs in result.