STATE EX REL. ROSENBROCK ET AL. *v.* WILSON ET AL.

[No. 15,875. Filed April 19, 1938. Leave to file petition for rehearing denied December 5, 1938. Transfer denied March 13, 1939.]

*Jesse W. Calhoon, Hanley & Hanley,* and *George C. Uhlir,* and *Orville Nichols,* for appellants.

*Emmet M. LaRue,* for appellees.

CURTIS, J.—This was an action commenced by the State of Indiana, on the relation of the appellants who are the heirs and legatees of John Rosenbrock, deceased,

against appellees, executors of the estate of John Rosenbrock, deceased, and their bondsman, seeking to recover on account of alleged failure of said executors to use due diligence in collecting notes due the estate represented by them as executors, and other violations of the duty of their trust, as alleged in the complaint.

The issues were made by the complaint in one paragraph answered in general denial by all appellees, and a cross-complaint by the appellee Fidelity & Deposit Company of Maryland, which was answered in general denial. The cross-complaint alleged that said Fidelity & Deposit Company of Maryland was surety only for said executors on the bond sued upon and prayed that in the event there was a recovery against said executors that there should be a finding of said suretyship and that the liability of said surety was secondary.

Trial was had before the court without the intervention of a jury, resulting in a finding for the appellees and each of them, that appellants are not entitled to recover on their complaint, and that they take nothing thereby, and that appellees recover the costs of the action. Judgment was rendered upon the court's finding in favor of the appellees. Appellants filed a motion for a new trial which was overruled with exceptions and this appeal prayed and perfected.

The error assigned and relied upon for reversal is the ruling on the motion for a new trial. The causes or grounds of the motion which are presented are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The above assignment of errors requires this court to make an examination of the evidence for the purpose of passing upon the questions presented. This we have done. There was evidence before the trial court to the effect that the makers of the notes in question were unable to pay them and that a suit or suits would amount

to the spending of good money in an effort to collect bad debts; that the executors reported this situation to the judge of the court wherein the estate was pending and were directed by him not to sue; that after the death of said judge, a report was then made to his successor in office and that he likewise told the executors not to sue. We think there was ample evidence before the trial court from which it could conclude that there was no lack of diligence on the part of the executors. We believe that the executors were entitled to heed the advice of the judges of the court wherein the estate was pending. See *Raugh, Admr.* v. *Weiss et al.* (1894), 138 Ind. 42, 37 N. E. 331. Aside from the fact that the judges in whose court the estate was pending directed the executors not to sue upon the notes, there was as heretofore noted an abundance of evidence to the effect that suits would have been useless owing to the financial inability of the makers of the several notes to pay.

We find no reversible error. Judgment affirmed.