Ark. State Highway Comm. *v*. Stanley.

5-3146                                                 375 S. W. 2d 229

Opinion delivered February 10, 1964.

*Dowell Anders, William H. Donham,* for appellant.

*Milham & Cummins, Ben M. McCray* and *Kenneth Coffelt,* for appellee.

Jim Johnson, Associate Justice. This appeal arises from a re-trial of eminent domain proceedings for highway purposes. On June 15, 1960, appellant Arkansas State Highway Commission filed a complaint and declaration of taking in Saline Circuit Court, condemning 18.03 acres of land belonging to appellees Marshall and Dorothy Stanley, along the right-of-way of Interstate Highway 30. Appellant Highway Commission deposited $5,000.00 in the registry of the court as estimated just compensation for the property, which was later withdrawn by appellees. Appellees filed an answer praying judgment for the sum of $14,803,703.80. At trial, the jury returned a verdict of $150,000.00, which was reversed on appeal on grounds that "the verdict was not supported by substantial competent evidence," and remanded for a new trial.

The cause was again tried before a jury on February 21, 1963, and the jury returned a verdict for $35,000.00. From the judgment on the verdict, the Highway Commission has prosecuted this appeal, contending that the trial court erred in refusing to exclude the value opinions of two of appellees' witnesses. Appellees have cross-appealed, urging that the trial court erred in refusing to grant appellees' request for a drawn and struck jury of 24 qualified jurors from which eighteen shall be drawn and struck. We shall consider this point first.

At the second trial, when the parties announced ready for trial, when appellees requested a drawn and struck jury the following discourse ensued:

Mr. McCray: "The claimant, Stanley, requests a drawn and struck jury and objects to the refusal of the court to grant such request by refusing to select 24 qualified jurors from which the 18 shall be drawn and struck.

The Court: "Your request for a drawn and struck jury is granted, but I am saying that you are not prejudiced by not calling more than 18 at this time because there are more than 24 jurors present in the court room at this time.

Mr. Coffelt: "We want 24 qualified jurors from which to select the 18.

The Court: "They are qualified. This panel of jurors has been qualified since last September. Proceed."

The statutes applicable to drawn and struck juries are Ark. Stat. Ann. § 39-229 and § 39-231 (Repl. 1962) which read as follows:

"Each party shall have three [3] peremptory challenges, which may be made orally—but if either party shall desire a panel, the court shall cause the names of twenty-four [24] competent jurors, written upon separate slips of paper, to be placed in a box to be kept for that purpose, from which the names of eighteen [18] shall be drawn and entered on a list in the order in which they are drawn, and numbered. Each party shall be furnished with a copy of said list, from which each may strike the names of three [3] jurors and return the list so struck to the judge, who shall strike from the original list the names so stricken from the copies, and the first twelve [12] names remaining on said original list shall constitute the jury." [§ 39-229].

"Before the drawing of the list above mentioned, the court shall decide all challenges for cause which are

presented, and if there are not twenty-four [24] competent jurors, bystanders shall be summoned as hereinbefore provided, until the requisite number of competent jurors is obtained, from which said list shall be drawn. Where there are several persons on the same side, the challenge of one [1] shall be the challenge of all under this subdivision." [§ 39-231, amended in part by § 39-220 and § 39-220.1].

This court has had several occasions to consider these statutes since their original enactment as a part of the Civil Code of 1868. They were, however, first passed upon by the United States Supreme Court in 1895, in a case arising in the United States Court for the Indian Territory. (In 1890 Congress legislated that "certain general laws of the State of Arkansas which are not locally inapplicable or in conflict with this act or of any law of Congress . . . are hereby extended over and put in force in the Indian Territory until Congress shall otherwise provide", including the above statutes.) The U. S. trial court refused to allow a drawn and struck jury. Speaking for the Supreme Court in *Gulf, C. & S. F. Railway Co.* v. *Shane,* 157 U. S. 348, 15 S. Ct. 641, 39 L.Ed. 727, Justice White stated, after quoting the statutes above:

"The action of the court below was in violation of this statute. It refused to make up the list of eighteen, as requested, and confined the right of peremptory challenge to the twelve jurymen called to be sworn, on the ground that such was the custom or rule of practice of the court. Manifestly, the 'rule' or custom of the court could not override the mandatory terms of the statute. That to thus empanel a jury in violation of law, and in such a way as to deprive a party of his right to peremptory challenge, constitutes reversible error is clear."

In *Young* v. *Morrison,* 159 Ark. 270, 251 S. W. 869, after quoting from the *Shane* case, *supra,* this court said that, "We concur with the Supreme Court of the United States in this interpretation of our statute, . . ." (but

went on to hold that in that case there had been substantial compliance with the statute). *Republic Mining & Mfg. Co.* v. *Elrod,* 208 Ark. 150, 185 S. W. 2d 99, deals decisively with the point here under consideration in the following language:

"These provisions of the statutes are mandatory, the language used is plain and unambiguous and requires that all challenges for cause shall first be disposed of and then the names of twenty-four competent jurors written upon separate pieces of paper and placed in the box, from which eighteen names shall be drawn, and from the list of these eighteen names furnished the parties, they shall strike their peremptory challenges. The trial court erred in refusing to place names of twenty-four competent jurors in the box in accordance with the plain statutory mandate."

In the case at bar the error of the trial court is patent.

On direct appeal the Highway Commission contends that the trial court erred in refusing to exclude opinions of value given by appellee Stanley and one of his witnesses. It would be of no value to detail the testimony objected to, which is lengthy. Suffice it to say that there was not such comprehensive proof of a substantial nature so as to bring appellees' evidence within the purview of *City of Little Rock* v. *Moreland,* 231 Ark. 996, 334 S. W. 2d 229. Moreover, much of the testimony here adduced is contrary to the standards set out in the first *Stanley* case, *Ark. State Highway Comm.* v. *Stanley,* 234 Ark. 428, 353 S. W. 2d 173. Owing to the necessity of a re-trial for the error previously indicated, we take this occasion to reiterate those principal standards:

"Even the opinion of an expert in the field of land valuation is not substantial evidence if he fails to show a fair or reasonable basis for his conclusion."

... " 'As a general rule, the market value of a tract of land cannot be determined simply by estimating the amount of stone or other mineral that it contains and

then multiplying that estimate by a fixed price per unit.' "

. . . "The ultimate question for the jury is the market value of the land, the price that would be agreed upon by a willing buyer and a willing seller in a transaction at arm's length. The mechanical process of assigning a retail value to every yard of mineral within the earth does not carry the jury beyond the realm of guesswork. That narrow formula fails to take into account vital considerations such as the cost of excavating the material, the cost of processing it, overhead expenses, the market for the finished product, and so on. In the case at bar the jury had almost no information about these matters. . . . The appellees' proof left the jury without the facts needed for an answer to this question."

For the trial court's error in refusing appellees a full drawn and struck jury, the case is reversed and the cause is remanded for a new trial.

ROBINSON, J., not participating.