Robert **SCHNEIDER**, Personal Representative of the Estate of Arthur R. Foreman, Deceased, Plaintiff–Appellant,

v.

The **FARMERS LOAN & TRUST COMPANY, INC.**, Gates & Gates, and Robert E. Gates, Defendants–Appellees.

No. 92A03–9005–CV–204.

Court of Appeals of Indiana, Third District.

May 16, 1991.

M. Robert Benson, Timothy Logan, Benson, Pantello, Morris & James, Fort Wayne, for plaintiff-appellant.

Carolyn W. Spengler, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for Farmers Loan & Trust Co.

John M. Clifton, Jr., Barrett & McNagny, Fort Wayne, for Gates & Gates and Robert E. Gates.

GARRARD, Judge.

This litigation was brought against a lawyer, his law firm and a bank alleging that they had tortiously deprived the decedent of his property and property rights. The trial court granted summary judgment for the defendants and this appeal followed.

In 1980 Arthur Foreman and his son, Jerry, owned and operated an unencumbered 113 acre farm as joint tenants with right of survivorship. On April 18th Arthur suffered a stroke. He was hospitalized and on May 2nd was moved to a nursing home, where he remained until his death in September, 1984.

A few days after Arthur was hospitalized Jerry consulted with attorney Robert Gates whom Arthur had employed about four years before to handle estate proceedings when Arthur's wife had died. As a consequence, Gates prepared a durable power of attorney for execution by Arthur naming Jerry as attorney-in-fact and granting him broad form powers to manage Arthur's property and affairs. Jerry and his wife took the instrument to the hospital where they met Marilyn Sweeney. In her presence Jerry assisted Arthur in signing the instrument, it was witnessed by two nurses, and Ms. Sweeney notarized it. Shortly thereafter an inventory of Arthur's assets was prepared, and Jerry embarked upon the management of Arthur's affairs.

Over the months that followed Jerry paid Arthur's expenses and the expenses of operating the farm. In October, 1980 he borrowed $30,000 from the bank and in return executed a mortgage on the farm. A portion of the loan proceeds was used to pay off the balance owed on Jerry's mobile home which was subject to a security interest. The mobile home was located on the farm and was the home of Jerry and his wife.

In April, 1981, Jerry deeded his father's interest in the farm to himself and his wife and borrowed another $30,000, giving a new mortgage for $60,000, paying off the old mortgage and discharging Arthur's indebtedness. Three years later, in April, 1984, he sold off thirty-three acres of the farm and applied the proceeds to pay off an equipment loan and to pay interest on the mortgage loan. During the period after Jerry took over his father's affairs it does not appear that he consulted with the Gates firm, nor for that matter, did he maintain an account at the bank.

In August, 1984, the mortgage loan was in default and the bank commenced a foreclosure action. Arthur passed away about a week later. In November the bank secured a judgment of foreclosure. No appeal was taken. In December Jerry and his wife filed a voluntary petition in bankruptcy.

The farm was later abandoned as a bankruptcy asset and the bank purchased it at foreclosure sale in September, 1985. In May, 1986 the bank filed an action in ejectment against Jerry and his wife. In addition to answering in denial they alleged by counterclaim that the bank had breached fiduciary duties to them and that they were entitled to compensatory and punitive damages for fraud. That action was eventually decided in favor of the bank on both its claim and the counterclaim. No appeal was taken from that judgment.

On June 3, 1986 Arthur's estate was opened and Jerry was appointed administrator. This suit was commenced the next day. In January, 1987, Robert Schneider was substituted as personal representative and as plaintiff herein. No claims were filed in the Estate of Arthur Foreman and the only asset in addition to this claim was personal property valued at about $1800.

On appeal the estate has challenged the inclusion and exclusion of affidavits for consideration on summary judgment and the propriety of granting summary judgment to the defendants. The essence of the estate's claims are that Robert Gates was negligent in permitting the use of a power of attorney for Arthur after Arthur suffered a stroke because Arthur was incompetent. The estate contends the bank was chargeable with knowledge that Arthur was incompetent when it honored the power of attorney in dealing with Jerry. It also contends that the bank erred in not making Arthur a party to the mortgage foreclosure action.

■ While the parties spend much of their argument examining the facts and inferences available from the record which bear on the wisdom and propriety of the use of a power of attorney, one feature of this case overrides all others. Jerry Foreman was not only the surviving joint owner of Arthur's interest in the farm, he was Arthur's sole heir. The trial court so found and the finding is undisputed. Furthermore, there has been presented no argument that Jerry was incompetent. Indeed, the court expressly found that at no time in any of the actions was it ever alleged that Jerry was incompetent, nor was any evidence adduced that he had ever been adjudicated incompetent.

The mere creation of the power of attorney was, of course, incapable of causing harm to Arthur or his estate. The vitality of the claim therefore necessarily depends upon proof that the power was misused; that Jerry was negligent or wilfully at fault in administering Arthur's assets under the power of attorney. Similarly, any claim against the bank necessarily depends upon the same proof since there has been no contention, or evidence, that the mortgage loans and agreements differed in any respect from the terms normally negotiated by the bank with its customers. In other words, any and all actionable damages necessarily depend upon proof that Jerry misapplied or negligently handled the assets, including the monies loaned by the bank. We do not mean by this that Jerry did misapply funds. He personally was a joint owner of the farm and, clearly, considerable sums were necessarily and properly spent on Arthur's care. But the estate has no claim concerning funds that were properly Jerry's, and it suffered no harm from the proper expenditure of Arthur's funds for his continued care. Thus, its claim for

damages necessarily depends upon proving that Jerry mishandled the estate's assets by virtue of the power of attorney.

For these reasons Jerry is personally estopped from contending that Gates erred in preparing the power and the bank erred in relying upon it. *Lebo v. Bowlin* (1934), 100 Ind.App. 75, 189 N.E. 397. As the court stated in *Raugh v. Weis* (1894), 138 Ind. 42, 37 N.E. 331, 333:

It is axiomatic that, when the hand that is to pay is the same hand that is to receive, the law considers the payment as already made, without any further ceremony about it. (citations omitted).

■ For these same reasons the estate is also foreclosed. Since there were no creditors of the estate and Jerry is the sole heir, the estate is being administered solely for his benefit. *Condo v. Barbour* (1936), 101 Ind.App. 483, 200 N.E. 76. The estate is therefore estopped by the same conduct that estops Jerry. *Lebo v. Bowlin, supra.* Jerry cannot recover through the vehicle of an estate to which he is sole beneficiary, funds that were lost through his own conduct.

Affirmed.

BUCHANAN, J., concurs.

STATON, J., concurs in result and files separate opinion.

STATON, Judge, concurring in result.

I concur in result. If there were a need to apply the equitable theory of estoppel, I would apply it; however, there is simply no cause of action demonstrated by the record before us. What is demonstrated by the record? Damages to the Appellees under Rules of Appellate Procedure 15(G).